[Crim. No. 2.   Second Appellate District.—May 29, 1905.]

## THE PEOPLE, Respondent, v. DAVID B. BRADFORD, Appellant.

CRIMINAL LAW—LEWD OR LASCIVIOUS ACTS—CONSTRUCTION OF PENAL CODE—CORRECTION OF MANIFEST MISPRISION.—The reference to "part II" in section 288 of the Penal Code, making it an offense to commit any lewd or lascivious act "other than the acts provided for in part II of this code," is manifestly a legislative oversight or clerical misprision, the true reference being to "part I." The erroneous reference will be deemed corrected under the rules of statutory construction, thus rendering the section intelligible and certain.

ID.—LASCIVIOUS ACTS UPON INFANT GIRL—COMPETENCY OF WITNESS—DISCRETION OF COURT.—Whether or not the infant girl upon whose

body the lascivious acts were charged to have been committed was an incompetent witness on account of her age was a question within the discretion of the court; and where the court determined that she was a competent witness, the weight and effect of her testimony was properly left to the jury.

ID.—Proof of Corpus Delicti.—The *corpus delicti* was sufficiently proved by the testimony of the child with the corroborating testimony.

ID.—Testimony of Father—Characteristics of Child—Defendant not Prejudiced.—Though the testimony of the father in relation to the characteristics of the child in respect to education, obedience, pleasure, love for pictures, and timidity with strangers might well have been omitted, no prejudicial error appears in its admission.

ID.—Proof of Venue.—Though no witness testified in terms that the offense was committed within the county, yet the venue was sufficiently proved where there was evidence that it was committed within a specified township which was a legal subdivision of the county, and where the whole evidence left no reasonable doubt that the offense was committed in the county.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Curtis & Curtis, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

ALLEN, J.—The defendant was charged with the offense defined in section 288 of the Penal Code, convicted thereof, and sentenced to five years in the state prison. He appeals from the judgment and from an order denying a new trial.

Defendant contends on this appeal that section 288 of the Penal Code, which provides that "Any person who shall willfully and lewdly commit any lewd or lascivious act, *other than the acts constituting other crimes provided for in part II of this code,*" etc., is unintelligible in that part II of the code referred to relates solely to criminal procedure and in no way describes acts constituting other crimes, and that where a new offense is sought to be created by a section of the code it should have greater certainty in its terms. It is

true that in part I, and not in part II, of the Penal Code is
to be found the statement of the acts constituting other
crimes; it is evident that either by legislative oversight or by
clerical misprision the characters "II" were inserted for the
character "I" in such section, and that section 288 should
be so construed. Such construction is warranted by the de-
cision of our supreme court in *California Loan Co.* v. *Weis,*
118 Cal. 497, [50 Pac. 697], wherein it was held that the
word "June" was inserted, either by legislative oversight
or clerical error, where "July" was intended, such construc-
tion being necessary to give effect to the plain intent of the
legislature as deduced from the whole act then under con-
sideration. The rules of statutory construction embrace also
the correction of clerical errors by the insertion of the true
word or words (*County of Lancaster* v. *Frey,* 128 Pa. St.
593, [18 Atl. 478], cited in *California Loan Co* v. *Weis,* 118
Cal. 497, [50 Pac. 497].) Under this construction section
288 is intelligible and certain.

It is further contended that the court erred in overruling
defendant's objection to the competency as a witness of the
infant upon whose body the acts were charged to have been
committed, as well as in refusing to strike out her testimony
after the same had been given. We perceive no error in
either ruling. Whether or not she was an incompetent wit-
ness on account of her age was a question within the discre-
tion of the court. (Code Civ. Proc., sec. 1880; *People* v.
*Stouter,* 142 Cal. 151, [75 Pac. 780].) The court having de-
termined that she was a competent witness, the weight and
effect of her testimony was properly left to the jury. The
testimony of the child, with the corroborating testimony, suf-
ficiently proves the *corpus delicti.* The testimony of the
father in relation to the education and obedience of the
child, and her characteristics as to pleasure, in her love for
pictures, her traits as to boldness or timidity with strangers,
might well have been omitted, but no prejudicial error is
apparent in its admission.

The venue was sufficiently proven. While no witness testi-
fied in words that the offense was committed in San Bernar-
dino County, it does appear that it was committed in the
township of Ontario, which is a legal subdivision of San
Bernardino County, California, and the whole testimony,

taken together, leave no room for a reasonable doubt that the offense was committed in the county. (*People* v. *Manning,* 48 Cal. 338.)

Judgment and order affirmed.

Gray, P. J., and Smith, J., concurred.