[Crim. No. 102. Second Appellate District.—October 27, 1908.]

THE PEOPLE, Respondent, v. H. S. GRINNELL, Appellant.

CRIMINAL LAW—COMMISSION OF LEWD AND LASCIVIOUS ACT WITH CHILD—INSUFFICIENT INDICTMENT.—An indictment under section 288 of the Penal Code, purporting to charge a lewd and lascivious act upon the body of a child under the age of fourteen years, which does not specify the particular acts which the defendant must have committed to warrant his conviction, nor describe the offense in the language of the statute defining it, fails to state a public offense.

ID.—OBJECTION TO INSUFFICIENCY OF INDICTMENT NOT WAIVED.—The objection to the insufficiency of the indictment to state an offense is not waived by failure to demur to the indictment, or to move in arrest of judgment, but may be urged at any stage of the case or upon appeal.

ID.—CHARGING OFFENSE IN LANGUAGE OF STATUTE—EXCEPTION MUST BE NEGATIVED.—Since section 288 of the Penal Code by its terms only applies to "any lewd or lascivious act other than the acts constituting other crimes stated" in Part I of the Penal Code (erroneously designated Part II), an indictment, in order to charge

the offense in the language of the statute, if the particular acts constituting the offense are not designated, must negative the exception stated in the language of that section.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. N. H. Conklin, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—Defendant was convicted under an indictment charging him with the offense defined in section 288 of the Penal Code. He appeals from the judgment and an order denying his motion for a new trial.

At the trial the defendant interposed an objection to the introduction of evidence upon the ground that the facts stated in the indictment did not constitute a public offense, which objection was overruled. Said section 288 is as follows:

"Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year."

The allegation in the indictment is that the defendant "did willfully and lewdly commit a lewd and lascivious act upon and with the body of a child under the age of fourteen years, . . . with the intent," etc.

Respondent contends that defendant's failure to demur to the indictment, or move in arrest of judgment, constitutes a waiver of all infirmities appearing upon the face of the indictment. We may concede this to be true as to those defects which are the subject of a special demurrer, but neither neglect to demur nor the absence of a motion in arrest of judgment can be deemed a waiver of an objection based upon the ground that the indictment does not state a public offense. (Pen.

Code, sec. 1012.) As said in *People* v. *Smith,* 103 Cal. 563, [37 Pac. 516] : ''This was a defect which was not waived by a failure to demur, but one which went to the very essence of the cause of·action, and which might be raised at any point in the progress of the case.''

Section 15 of the Penal Code defines a public offense as ''an act committed or omitted in violation of a law forbidding or commanding it. . . .''

The indictment purports to charge defendant with the crime designated in said section 288, but does not attempt to specify the particular acts which defendant must have committed in order to warrant his conviction. Nor does it describe the offense substantially in the language of the statute, in that it fails to state the act committed was not one constituting some other crime provided in Part I of the Penal Code (erroneously designated Part II). (*People* v. *Bradford,* 1 Cal. App. 41, [81 Pac. 712].) It is only lewd and lascivious acts other than the acts embraced in those other crimes which constitute a public offense under said section. The acts referred to in the exception ''other than the acts,'' etc., are descriptive of and define the offense. Hence, the indictment in order to state the offense must, unless it appear from particular acts described therein, negative any conclusion that the acts which defendant is charged with committing are those embraced in the exception. ''The question is whether the exception is so incorporated with and becomes a part of the enactment as to constitute a part of the definition or description of the offense ;. for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. It is the nature of the exception and not its location which determines the question. Neither does the question depend upon any distinction between the words 'provided' or 'except' as they may be used in the statute. In either case the only inquiry arises whether the matter excepted, or that which is contained in the proviso, is so incorporated with as to become, in the manner above stated, a part of the enacting clause.'' (*State* v. *Abbey,* 29 Vt. 60, [67 Am. Dec. 754] ; *Ex parte Hornef,* 154 Cal. 355 [97 Pac. 891].)

Defendant is entitled to the benefit of any inference reasonably deducible from the facts charged consistent with his innocence. The indictment, neither by a particular description of the act nor by describing the offense substantially in

the language of the statute, charges defendant with committing the lewd and lascivious acts described in the statute as constituting the crime, and for this reason fails to state a public offense.

The judgment and order appealed from are reversed.

Allen, P. J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 21, 1908.