[Criminal No. 360.   Filed December 7, 1914.]

[144 Pac. 640.]

## JUAN FERNANDEZ, Appellant, v. STATE, Respondent.

1. WITNESSES—COMPETENCY—OBLIGATION OF OATH.—Under Penal Code of 1913, section 1226, providing that all persons who can perceive and express their perceptions may be witnesses, and sections 1227 and 1228, excepting persons of unsound mind, children incapable of perceptions or their relation, an aged Indian woman, who, on her *voir dire,* in answering a question as to whether she understood the consequences of telling a lie, said that she would tell no lie and would "show what she had seen, that's all," was competent.

2. WITNESSES—DETERMINATION AS TO COMPETENCY.—A witness' capacity to testify is a question for the judge or court.

3. WITNESSES—COMPETENCY—CONSTITUTIONAL PROVISIONS.—Since Constitution, article 2, section 12, provides that no person shall be incompetent as a witness in consequence of his religious opinions, nor be questioned thereon in any court to affect the weight of his testimony, questions to an aged Indian woman to test her belief in God or the Great Spirit were improper.

4. TRIAL—PROVINCE OF JURY—WEIGHT AND EFFECT OF TESTIMONY.— The weight and effect of the testimony of competent witnesses was properly left to the jury.

APPEAL from a judgment of the Superior Court of the County of Yavapai. Frank O. Smith, Judge. Affirmed.

The facts are stated in the opinion.

Mr. J. Ralph Tascher and Mr. Neil C. Clark, for Appellant.

Mr. G. P. Bullard, Attorney General, and Mr. Leslie C. Hardy, Assistant to the Attorney General, for Respondent.

ROSS, J.—The appellant was convicted of the crime of murder and sentenced to life imprisonment. He appeals and assigns two errors.

His first assignment is: "The court erred in overruling the objection made on the trial by the defendant, to the competency, as a witness, of one Mary Wolsey, an Apache-Mohave Indian squaw, a witness for the state, which objection was based on the ground that said Mary Wolsey did not understand the obligation of an oath, and was therefore incompetent to testify, for the reason that upon *voir dire* said Mary Wolsey did not show that she understood the obligation of an oath, but, on the contrary, showed conclusively that she had no understanding whatsoever of such obligation, and was therefore incompetent to testify as a witness."

The second assignment is in the same language, except that it is directed at the ruling of the court as to the competency of Dolores Roderiquez, a witness for the state.

Section 1226, Penal Code of 1913, provides that:

"All persons, without exception, otherwise than is specified in the next two sections, who, having organs of sense, can perceive, and, perceiving, can make known their perceptions to others, may be witnesses. Therefore, neither parties nor other persons who have an interest in the event of an action

or proceeding are excluded; nor those who have been convicted of a crime; nor persons on account of their opinions on matters of religious belief; although in every case the credibility of the witness may be drawn in question."

The exceptions to the general rule as above laid down are: (1) Persons of unsound minds at the time of their production for examination; (2) children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, cannot be witnesses; and (3) persons sustaining confidential relations to each other, except upon consent, may not be witnesses. *Id.,* 1227 and 1228.

The witness Mary Wolsey was an aged Indian woman and was laboring under none of the disabilities above enumerated, unless it should be that she was afflicted with mental unsoundness. On her *voir dire,* she said she understood what an oath was, but in answer to the question, "Do you understand what the result would be if you were to tell a lie?" her answer was that she would tell no lie, or that she would "show what she had seen, that's all." It can hardly be said that these answers were any evidence of an unsound mind, or that her organs of sense were so dull as to incapacitate her from perceiving or from making known her perceptions to others. At most, her answers showed that she did not understand the full technical meaning of the common-law oath, such as fear of punishment by the Supreme Being in this world or in the world to come for false swearing. Her answer did not disclose a lack of power to observe, recollect and narrate—three essentials to testimonial qualifications. Wigmore, Evidence, sec. 484. The witness' capacity to testify was a question for the judge or court. Wigmore, Evidence, sec. 487.

Questions were asked to test the witness' belief in God or the Great Spirit. The question should not have been put to the witness. Section 12, article 2, of the Constitution, provides:

"  . . . Nor shall any person be incompetent as a witness or juror in consequence of his opinion on matters of religion, nor be questioned touching his religious belief in any court of justice to affect the weight of his testimony."

The appellant was entitled to call witnesses "to evidence the facts of her incapacity" for observation, recollection and

narration (Wigmore, Evidence, sec. 485), and, failing to do so, it is fair to presume that no such evidence existed.

The record does not sustain the second assignment. At best it shows that Dolores Roderiquez was a very unwilling witness. The court was compelled to threaten her with contempt proceeding before she would answer questions. Her answers, when made, however, were intelligent and straightforward. Indeed, the testimony of both these witnesses was fully corroborated by other witnesses whose qualifications are unquestioned.

The court having determined that these witnesses were competent, the weight and effect of their testimony was properly left to the jury. *People* v. *Bradford,* 1 Cal. App. 41, 81 Pac. 712.

Judgment is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—On the question of religious belief as qualification of witness, see notes in 42 L. R. A. 553 and 23 L. R. A. (N. S.) 1023.