[Crim. No. 671.   First Appellate District.—March 12, 1917.]

## THE PEOPLE, Respondent, v. WILLIAM SMITH, Appellant.

CRIMINAL LAW—LEWD CONDUCT WITH MINOR—ATTEMPT TO COMMIT ACT —CONVICTION SUPPORTED BY EVIDENCE.—In this prosecution for the felony defined by section 288 of the Penal Code, which punishes lewd and lascivious conduct with minor children, it is held that the evidence is sufficient to support the conviction of an attempt to commit the act charged.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Knapp Orton, and W. C. Tupper, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was charged with the commission of the felony defined by section 288 of the Penal Code,

which punishes lewd and lascivious conduct with minor children; and the point that the appellant makes in his appeal from the judgment and order appealed from is that because defendant's conviction was of an attempt to commit the act charged there is no evidence warranting the verdict, for the reason that the information charges that the defendant placed his hands upon certain parts of a minor female child and there is no direct evidence to that effect. It is argued that he could not be convicted of an attempt, because the prosecution did not show specifically that he had made any move to place his hands upon the parts in question. The appellant also contends that the evidence does not show his guilt beyond a reasonable doubt.

Considering the latter point first, we think it sufficient to say that the jury by its verdict has decided it contrary to appellant's contention.

As to the first point urged, the evidence introduced at the trial was direct and circumstantial. There is circumstantial evidence of the defendant taking the child into a barn or vacant house, and that the child's clothing was disarranged. There is the admission on the part of the defendant that he did touch the child's clothing; and there is the testimony of the police officer that the defendant stated to him that he allowed his passion to get the best of him and that he played with the child. Upon the whole evidence the jury rendered its verdict of an attempt to commit the act charged; and we are satisfied from a review of the record that the evidence is sufficient to support the verdict and judgment. For that reason the judgment and order appealed from are affirmed.