[S. F. No. 9504.  In Bank.—June 19, 1920.]

GEORGE J. HATFIELD, Petitioner, v. FRANK C. JORDAN, as Secretary of State, etc., Respondent.

[1] LAND SETTLEMENT ACT—ENABLING ACT UNCONSTITUTIONAL.—The act of the legislature approved May 27, 1919 (Stats. 1919, p. 1182), entitled "An act to provide for the issuance and sale of state bonds to create a fund to carry out the objects of an act entitled 'An act creating a state land settlement board and defining its powers and duties and making an appropriation in aid of its operations,' approved June 1, 1917," is invalid for want of compliance with section XVI of the constitution in not providing "ways and means" for the payment of the first two hundred and fifty thousand dollars principal of the bonds which mature and are payable January 2, 1931, since by the act there is no provision for the putting into the sinking fund (the only method of payment provided) of any money available for the payment of any principal until February 1, 1931, and as to bonds maturing on and before January 2, 1961, the sinking fund does not commence at a time after the incurring of the indebtedness of not more than a period of one-fourth of the time of maturity of such indebtedness, as required by the constitutional provision.

PROCEEDING in Mandamus to compel the Secretary of State to comply with act relating to Land Settlement Act. Dismissed.

The facts are stated in the opinion of the court.

Milton D. Sapiro for Petitioner.

Gregory & Goodell for Respondent.

ANGELLOTTI, C. J.—This is a proceeding in mandate. An alternative writ was issued, and the matter has been submitted for decision on a demurrer to the petition.

The proceeding involves the question of the validity of an act of the legislature entitled "An act to provide for the issuance and sale of state bonds to create a fund to carry out the objects of an act entitled 'An act creating a state land settlement board and defining its powers and duties and making an appropriation in aid of its operations,' approved June 1, 1917, and any and all acts amendatory thereof or supplemental thereto; to create a sinking fund for the payment of said bonds; to define the duties of said officers in relation thereto; to appropriate money for the expense of printing and advertising the sale of said bonds; and to provide for the submission of this act to a vote of the people," approved May 27, 1919 (Stats. 1919, p. 1182).

The act is one authorizing a bonded indebtedness of ten million dollars, and therefore, under article XVI of the constitution, can take effect only in the event that it is submitted to the people at a general election and receives "a majority of all the votes cast for and against it at such election." By the act it is provided that the Secretary of State shall publish the act at the expense of the state in at least one newspaper in each county or city and county throughout the state for three months preceding the next general election. Claiming that the act is invalid for want of compliance with certain requirements of article XVI of the constitution, the Secretary of State has refused to make such publication, and states that he will not make the same. Hence this proceeding.

Article XVI of the constitution substantially provides that the legislature shall not, in any manner, create any debt or debts, liability or liabilities, which shall, singly or in the aggregate with any previous debts or liabilities, exceed the sum of three hundred thousand dollars, except in certain instances not material here, "unless the same shall be authorized by law for some single object or work to be

distinctly specified therein, *which law shall provide ways
and means, exclusive of loans,* for the payment of the in-
terest of such debt or liability as it falls due, and also to
pay and discharge the principal of such debt or liability
within seventy-five years of the time of the contracting
thereof.'' (Italics are ours.) It further provides that such
law shall be irrepealable until the principal and interest
shall be paid and discharged, and also that ''such law may
make provision for a sinking fund to pay the principal of
such debt or liability to commence at a time after the in-
curring of such debt or liability of not more than a period
of one-fourth of the time of maturity of such debt or lia-
bility.''

In view of these provisions it is essential to the validity
of the proposed law submitted to the people for ratifica-
tion that it (the proposed law) ''shall provide ways and
means, exclusives of loans,'' for the payment of principal
and interest as the same falls due, with a limitation of
seventy-five years as the maximum period for which the in-
debtedness may be created. All this, as we understand it,
is conceded by petitioner. Such provision as to the prin-
cipal may, and perhaps must, be made by providing such
a sinking fund as is described in the article, and by this
law no other method is attempted. The claim of respond-
ent is that the proposed law does not purport to provide
''ways and means'' to pay either all of the interest as it
falls due, or all of the principal as it falls due. As al-
ready suggested, the only provisions therein as to the source
of any such payments are those with relation to a sink-
ing fund, thereby provided for, from which all such pay-
ments are to be made. It is also claimed that such adequate
provision as to a sinking fund for the payment of the prin-
cipal as is required by article XVI is not made, in that the
same is not made to commence at a time after the incurring
of the debt ''of not more than a period of one-fourth of
the time of maturity of such debt or liability.'' Full con-
sideration of the matter forces us to the conclusion that the
objections of respondent are in part, at least, well based,
with the result that the proposed law must be held viola-
tive of article XVI of the constitution.

The bonds authorized, aggregating in number thirty-two
thousand, and in amount ten million dollars, are to bear

date January 2, 1921, and to bear interest at the rate of four and one-half per cent per annum, payable semi-annually, except that the first payment of interest is to be made on January 2, 1922, on so many of said bonds as are theretofore sold. They are to be sold at auction in such parcels and numbers as directed by the Governor, on request of the land settlement board, the state treasurer detaching from bonds sold all interest coupons which have matured before the day of sale, and the purchaser paying any interest already accrued on any remaining coupon. The first eight hundred of said bonds, aggregating two hundred and fifty thousand dollars, mature and are payable January 2, 1931; the second two hundred and fifty thousand dollars of 'said bonds mature and are payable January 2, 1932; the third two hundred and fifty thousand dollars on January 2, 1933, and so on each year to January 2, 1971.

As to the sinking fund, the act provides: "For the payment of the principal and interest of said bonds a sinking fund, to be known and designated as the 'land settlement sinking fund' shall be, and the same is hereby created as follows, to wit: The state treasurer, after the second day of January, *1931* [italics ours], shall, on the first day of each and every month thereafter, after the sale of said bonds, take from the land settlement fund [a fund provided by the land settlement act of June 1, 1917 (Stats. 1917, p. 1566), as amended May 23, 1919, (Stats. 1919, p. 838)], such sum as multiplied by the time in months, the bonds then sold and outstanding have to run, will equal the principal of the bonds sold and outstanding at the time said treasurer shall so take said sum from said land settlement fund, less the amount theretofore taken therefrom for said purpose; and he shall place the sum in the land settlement sinking fund created by this act." It was further provided: "And to provide means for the payment of interest on the bonds that may be sold and outstanding, said treasurer shall monthly take from the land settlement fund, and pay into said land settlement [sinking] fund, an amount equal to the monthly interest then due on all bonds then sold, delivered and outstanding." Payments of interest and principal are to be made from this sinking fund. These are the only provisions in the proposed law relating to the sinking fund, except a provision to the effect that where

a purchaser of a bond pays a sum as accrued interest, the amount shall be paid into the land settlement sinking fund, for the purpose, of course, of being paid out again on the interest coupon when it matures and is presented.

It may be conceded that sufficient provision is made by the proposed law for the payment of interest on the bonds sold as it falls due, the treasurer being expressly required to take monthly from the land settlement fund and pay into the land settlement sinking fund an amount equal to the monthly interest then due on all bonds then sold, delivered, and outstanding. Although not clearly expressed, this provision may perhaps be construed as requiring such action by the treasurer each month after the sale and delivery of the first bonds disposed of, instead of waiting until January 2, 1931. However this may be, it seems perfectly clear that the act does not provide ways and means for the payment of the first two hundred and fifty thousand dollars principal of the bonds which mature and are payable January 2, 1931. As we have seen, the only attempted provision is by way of the sinking fund created by the act. There is no provision whatever for the putting into that fund of any money available for the payment of any principal whatever until the first day of February, 1931, while the first two hundred and fifty thousand dollars of the bonds mature January 2, 1931. It is not until February 1, 1931, that the treasurer is authorized to begin taking from the land settlement fund on the first day of each and every month and placing in the sinking fund money to be kept and used for the payment of the principal. Moreover, the sinking fund must be such as is specified in the constitutional provision, which plainly requires that the same shall "commence at a time after the incurring of the indebtedness *of not more than a period of one-fourth of the time of maturity of such debt or liability.*" This, of course, means that the actual placing of money to the credit of the sinking fund for the payment of principal shall commence at the time stated, and doubtless it also contemplates that the provision so made shall be adequate to the full payment of principal as it falls due. Assuming that the bonds will all be at once sold, as we must in determining the validity of the act, it is obvious that as to all bonds maturing on and before January 2, 1961, the sinking fund does not

"commence at a time after the incurring of the indebtedness *of not more than a period of one-fourth of the time of maturity of such debt or liability.*" A simple calculation will show that this means that as to seven million seven hundred and fifty thousand dollars of the ten million dollars, the sinking fund does not "commence" at as early a date as is required in view of the constitutional provision. [1] We can see no escape from the conclusion that the act must be held invalid for the reason that it does not measure up to the requirements of article XVI of the constitution.

It has seemed to us quite possible that the specification of the date of "the second day of January, *1931*," in section 5 of the act was inadvertently made, and that "the second day of January, *1921*," was really intended. To guard against any possible error in the printed volume of statutes, we obtained from the office of the Secretary of State a certified copy of the enrolled bill as approved by the Governor, and find that the act is correctly set forth in the published statutes. It is hardly necessary to say that we have no power to make any change in the provisions of the act, and that we must accept it as truly expressing the intent of the legislature.

The alternative writ of *mandamus* heretofore issued is discharged and the proceeding dismissed.

Shaw, J., Olney, J., Sloane, J., Lennon, J., Lawlor, J., and Wilbur, J. concurred.