[Crim. No. 783. Third Appellate District.—September 8, 1924.]

# THE PEOPLE, Respondent, v. GEORGE DANT, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 288, PENAL CODE—PLEADING—SUFFICIENCY OF INFORMATION.—An information, though it does not charge a violation of section 288 of the Penal Code in the language of the statute, is sufficient where it sets out a particular description of the acts constituting the crime charged.

[2] ID.—ISSUES—INSTRUCTIONS.—In a prosecution for a violation of section 288 of the Penal Code, although the trial court in giving an instruction in the language of said section omitted the words "other than the acts constituting other crimes provided for in part two of this code," the issues were clearly defined and fairly presented to the jury where by other instructions the court defined the crime charged in the particular language of the information and told the jury to convict if they found "from the evidence beyond a reasonable doubt" that the defendant committed the particular acts charged, the jury having been also instructed fully upon the doctrine of reasonable doubt, and told that in order to justify a conviction it was necessary for the prosecution to prove the material allegations of the information beyond all reasonable doubt.

[3] ID.—PROOF OF ACTS—SUFFICIENCY OF EVIDENCE.—In such prosecution, the testimony of a boy relative to the commission of the offense was sufficient to establish the particular acts charged.

[4] ID.—EVIDENCE—PROVINCE OF JURY AND TRIAL COURT—APPEAL.—In such prosecution, it was exclusively for the jury in the first instance, and for the trial court on motion for a new trial, to determine the facts, the jurisdiction of the appellate court being expressly limited by the constitution to questions of law alone.

[5] ID.—FINDINGS—EVIDENCE—APPEAL.—The appellate court has no power to set aside the implied findings of the jury and of the trial court where the same are supported by substantial evidence, however much evidence there may be to the contrary.

[6] ID.—WITNESSES.—In such prosecution, a boy of the age of eleven years was a competent witness, where his general examination

1. See 14 Cal. Jur. 25; 16 Cal. Jur. 6; 14 R. C. L. 185.
2. See 8 Cal. Jur. 628; 14 R. C. L. 751.
3. See 16 Cal. Jur. 12.
4. See 8 Cal. Jur. 582; 2 R. C. L. 193.
5. See 8 Cal. Jur. 587; 2 R. C. L. 194.
6. Competency of children as witnesses as dependent on age, note, 19 L. R. A. 605. See, also, 28 R. C. L. 461.

showed that he was capable of "receiving just impressions of the facts respecting which" he was examined and of relating them truly.

(1) 31 C. J., p. 705, sec. 258, p. 999, sec. 22.   (2) 31 C. J., p. 998, sec. 22.   (3) 31 C. J., p. 1000, sec. 22.   (4) 17 C. J., p. 254, sec. 3593.   (5) 17 C. J., p. 255, sec. 3593.   (6) 40 Cyc., p. 2200.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial.   J. C. Needham, Judge.   Affirmed.

The facts are stated in the opinion of the court.

D. M. Maclean for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of lewd and lascivious acts upon a male child of the age of eleven years. He prosecutes this appeal from the judgment of conviction and the order denying his motion for a new trial. The case was submitted upon the appellant's opening brief.

His first contention is that the information does not state a public offense, in that it fails "to negative any conclusion that the acts which defendant is charged with committing are those embraced in the exception" contained in section 288 of the Penal Code defining the crime charged. That section reads as follows:

"Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year."

It has been held that "either by legislative oversight or by clerical misprision the words 'part two' were inserted for the words 'part one' in such section, and that it should be

so construed." (*People* v. *Troutman,* 187 Cal. 313, 316 [201 Pac. 928, 930].) So construed, the definition of the crime charged excludes the crime against nature and certain other sexual crimes. The allegations of the information material to the question under consideration are as follows:

"The said George Dant . . . did . . . commit certain lewd and lascivious acts upon and with the body and certain parts thereof of one ——, who was then and there a male child . . . of the age of eleven years, which said lewd and lascivious acts were so committed by said defendant as follows, to-wit: That said George Dant did then and there willfully, wrongfully, unlawfully, lewdly, and feloniously open up and remove the clothing of said —— so as to expose and did expose the body, legs, and private parts of the said ——, and did then and there take out and expose the private parts of him the said George Dant, and did rub the private parts of him the said George Dant upon and over the body, legs and private parts of the said ——, and did cause an emission of the seminal fluid from the private parts of him the said George Dant upon the body, legs, and private parts of the said ——, all with the felonious intent then and there and thereby of arousing, appealing to and gratifying the lust, passion, and sexual desires of him the said George Dant."

In *People* v. *Grinnell,* 9 Cal. App. 238, 240 [98 Pac. 681, 682], it is said: "The indictment, neither by a particular description of the act nor by describing the offense substantially in the language of the statute, charges defendant with committing the lewd and lascivious acts described in the statute as constituting the crime, and for this reason fails to state a public offense." [1] The information in this case does not charge the offense in the language of the statute but it sets out a particular description of the acts constituting the crime charged and must therefore be held sufficient.

[2] Complaint is made that the court instructed the jury in the language of section 288 of the Penal Code without defining the crimes coming within the exception contained therein. By reference to pages 14 and 23 of the clerk's transcript, it appears that in giving the instruction the court omitted the words "other than the acts constituting other

crimes provided for in part two of this code." By instruction VIII the court defined the crime charged in the particular language of the information and instructed the jury to convict if they found "from the evidence beyond a reasonable doubt" that the defendant committed the particular acts charged. The jury was also instructed fully upon the doctrine of reasonable doubt and told that in order to justify a conviction it was necessary for the prosecution to prove the material allegations of the information beyond all reasonable doubt. It appears therefore that the issues were clearly defined and fairly presented to the jury. (*People* v. *King*, 65 Cal. App. 306 [223 Pac. 1001].)

[3] The evidence of the boy relative to the commission of the offense is of such a nature that it is deemed proper to omit it from this opinion. It may be found on pages 24 to 34 of the reporter's transcript. It is fully sufficient to establish the particular acts charged. It is contradicted by the testimony of the defendant. While there was other testimony tending in some degree either to corroborate or to discredit that of the one or the other, the defendant and the boy were the only witnesses giving direct testimony relative to the acts charged. [4] It was exclusively for the jury in the first instance, and for the trial court on motion for a new trial, to determine the facts. In a case such as this, the jurisdiction of this court is expressly limited by the constitution to questions of law alone. [5] It has no power to set aside the implied findings of the jury and of the trial court where the same are supported by substantial evidence, however much evidence there may be to the contrary.

[6] It is urged that the boy was not a competent witness because when asked on cross-examination if he knew "what an oath means" he answered in the negative and also stated, in answer to another question, that he did not know "what would happen" to him if he told a lie in court. In answer to questions by the court, he stated that he knew "what it is to tell the truth," that if he told a lie he would be punished and that he would tell the truth. Section 1880 of the Code of Civil Procedure provides that "children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly," cannot be witnesses. In this case the child

was of the age of eleven years. His foregoing answers do not show that he was an incompetent witness. His general examination clearly shows that he was capable of ''receiving just impressions of the facts respecting which'' he was examined and of relating them truly. There is no merit in the contention that the witness was incompetent.

The judgment and the order are affirmed.

Plummer, J., and Hart, J., concurred.