[Crim. No. 1319.  Second Appellate District, Division One.—April 13, 1926.]

THE PEOPLE, Respondent, v. B. A. SHOPE, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 288, PENAL·CODE—PLEAD-ING—INFORMATION—AMENDMENTS—DISCRETION.—In this prosecu-tion for a violation of section 288 of the Penal Code the trial court did not err in permitting the district attorney to amend the information prior to the trial to correctly state an offense shown by the evidence taken at the preliminary examination and for which the defendant was committed.

[2] ID.—AMENDMENT OF INFORMATION — PRELIMINARY EXAMINATION—DISCRETION.—Under section 1008 of the Penal Code it is within the discretion of the trial court to permit the amendment of informations where it can be done without substantial prejudice to the rights of the defendant, so as to correctly state the offense shown by the evidence taken at the preliminary examination.

(1) 31 C. J., p. 827, n. 98, p. 829, n. 43.    (2) 17 C. J., p. 216, n. 50.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Pierce & Gould for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

YORK, J.—The defendant was accused by information, filed by the district attorney of Ventura County, of the crime of violation of section 288 of the Penal Code, entitled crimes against children, a felóny, and from the judgment of conviction defendant appeals.

The sole point raised worthy of consideration by this court is whether or not the trial court erred in permitting the district attorney to amend the information prior to the trial. The amendment was one made to make the informa-tion conform to the decision in the case of *People* v. *Grinnel,* 9 Cal. App. 238 [98 Pac. 681], and was amended before

1.  See 14 Cal. Jur. 93.

trial to charge a public offense in compliance with that decision, and at the time of trial the information did charge a single, definite public offense. The amendment placed upon the charged offense a definite limitation by adding the words "the said act not then and there being an act constituting any crime provided for in part I of the Penal Code." According to the decision in *People* v. *Grinnel, supra,* the information without this amendment would have failed to describe a public offense under said section 288. (See, also, *People* v. *Camp,* 42 Cal. App. 411 [183 Pac. 845].)

[1] Prior to the amendment the information as filed, although defective as above stated, was nevertheless an information attempting to charge the commission of a crime. The amendment completed the charge. As there is nothing to the contrary in the record it will be assumed, in support of the order allowing the amendment, that the information as amended correctly states an offense shown by the evidence taken at the preliminary examination, and for which the defendant was committed. This being so, it was within the power of the court to allow such amendment to be made. Section 1008 of the Penal Code authorizes such order "where it can be done without prejudice to the substantial rights of the defendant." The only limitation placed thereon by the statute is that an information cannot be amended "so as to charge an offense not shown by the evidence taken at the preliminary examination." [2] Discussing said section 1008, the supreme court in *People* v. *Foster,* 198 Cal. 112 [243 Pac. 667, 671], said: "We think the amendment as made to section 1008, Penal Code, in 1911, is quite persuasive, if not entirely convincing, as to the intention of the legislature to permit, in the discretion of the trial court, the amendment of informations where it can be done without substantial prejudice to the rights of the defendant, so as to correctly state the offense shown by the evidence taken at the preliminary examination."

There is nothing in the nature of the amendment, or in any circumstance of the case, that would suggest any abuse of discretion by the court in its exercise of the power thus conferred. On allowance of the amendment the defendant made no request for a continuance of time of trial, or any showing that he was entitled to a continuance. After an

examination of the entire cause we are satisfied that the case was fully and fairly tried and that there was ample evidence to authorize the conviction.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.