[Crim. No. 1457. Second Appellate District, Division Two.—March 23, 1927.]

THE PEOPLE, Respondent, v. H. G. PARSONS, Appellant.

[1] CRIMINAL LAW—CONVICTION OF OFFENSE DENOUNCED BY SECTION 288a, PENAL CODE—PRELIMINARY EXAMINATION—JURISDICTION—MOTION TO SET ASIDE JUDGMENT.—A judgment of conviction for a violation of section 288a of the Penal Code will not be set aside upon the alleged ground that there was no preliminary examination, where the committing magistrate held the defendant to answer before the superior court when the defendant, at the time of his arraignment upon the complaint, expressed a desire to waive his legal rights and confessed his guilt for the offense charged, and the defendant plead guilty to the offense charged in the information filed in the superior court.

[2] ID.—CONSTITUTIONALITY OF SECTION 288A, PENAL CODE.—The contention that section 288a of the Penal Code is unconstitutional for the reason that it is vague, uncertain, and indefinite cannot be sustained.

(1) 16 C. J., p. 317, n. 2.      (2) 16 C. J., p. 68, n. 9.

APPEAL from an order of the Superior Court of Imperial County denying motion to set aside judgment. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ernest B. D. Spagnoli for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

1. See 7 Cal. Jur. 967.
2. See 23 Cal. Jur. 394.

THOMPSON, J.—A complaint was issued charging the defendant with the degenerate crime denounced by section 288a of the Penal Code. At the time of his arraignment upon the complaint the defendant expressed a desire to waive his legal rights and confessed to the committing magistrate his guilt of the offense charged. Whereupon the justice of the peace ordered that he be held to answer before the superior court. The information was filed on February 10, 1923. On the same day the defendant plead guilty to the offense as charged in the information, and was sentenced for the term provided by law on February 13, 1923. On October 2, 1926, or after the lapse of more than three years and seven months, the defendant made a motion to vacate and set aside the judgment of conviction on the grounds, among others: 1. That the information was filed without authority of law because no preliminary examination was had; 2. That section 288a of the Penal Code is unconstitutional for the reason that it is vague, uncertain and indefinite, which two grounds are the only reasons assigned in support of his appeal from the order made November 15, 1926, denying his motion to set aside the judgment.

[1] Appellant reasons that no examination was held by the committing magistrate, and that the superior court was therefore without jurisdiction to hear the charge contained in the information, hence he may raise the objection at any time. Assuming that in legal effect there was no preliminary examination, the law has heretofore been determined contrary to appellant's views. The supreme court in the case of *Ex parte McConnell*, 83 Cal. 558 [23 Pac. 1119], speaking through Mr. Chief Justice Beatty in a case where exactly the same contention was raised, says: "The filing of the information gave the court jurisdiction to proceed in the case, and the section of the code cited" (Pen. Code, sec. 995) "provides the exclusive method of trying the question whether the information was founded on the necessary preliminary examination and commitment." Also in the case of *People* v. *Ronsse*, 26 Cal. App. 100 [146 Pac. 65], where it was argued that no preliminary examination had been had because the person assuming to act as magistrate was not in fact invested with the powers of that office, it was held that the objection made after plea, at the time

of the trial and again after verdict, came too late. It is there pointed out that a defendant is precluded by section 996 of the Penal Code from raising the objection unless made before the plea is entered.

[2] Appellant's second contention that section 288a of the Penal Code, which reads as follows: "Any person participating in the act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding fifteen years," is unconstitutional, is probably inspired by the opinion found in the case of *In re Lockett*, 179 Cal. 581 [178 Pac. 134], which dealt with the act when it contained words of a foreign language, not contained in our English dictionaries. But what may have been said with reference to the act as it existed prior to its amendment in 1921 (Stats. 1921, p. 1633) has no present application. Counsel says that only one of the parties may be guilty of an offense under the wording of the act and that for that reason it is vague and uncertain. We do not so understand the words "any person participating in the act." Nor do we find anything else, uncertain or indefinite.

The order is affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1927.