[Crim. No. 1029. Third Appellate District.—July 10, 1928.]

THE PEOPLE, Respondent, v. ROBERT MAINE, Appellant.

Emmett I. Donohue for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted upon an information charging the commission of a felony, omitting mere formal allegations, in the following words, to wit:

"The said Robert Maine, on or about the 15th day of November, A. D. One Thousand Nine Hundred and Twenty-seven at and in the County of Sonoma, State of California, did wilfully, unlawfully and lewdly commit certain lewd and lascivious acts upon and with the body of one Delbert Butler, a person under the age of fourteen years, to wit, of the age of eleven years, by placing his hands upon the private parts of the said Delbert Butler with the intent of arousing, appealing to and gratifying the lust, passions and sexual desires of the said Robert Maine and of the said Delbert Butler, contrary to the form, force and effect of the statute in such case made and provided, and against

the peace and dignity of the People of the State of California."

From the order denying his motion for a new trial and the judgment of conviction, the defendant appeals.

Upon this appeal it is urged that the information does not describe a public offense; that section 288 of the Penal Code is unconstitutional; that the evidence is insufficient to warrant the verdict; that the court erred in its instructions and in the admission of testimony; and that the district attorney was guilty of misconduct.

 To the point that the information is insufficient to state a public offense, we are cited to the case of *People* v. *Grinnell*, 9 Cal. App. 238 [98 Pac. 681]. In that case, however, the information did not state the specific acts with which the defendant was charged. The information simply contained in its charging part words to this effect, that the defendant did wilfully and lewdly commit a lewd and lascivious act with and upon the body of a minor child, with intent, etc. The mere comparison of the information in the instant case with the case relied upon demonstrates that the objection to the sufficiency of the information is wholly without merit.

 In support of appellant's contention that section 288 of the Penal Code is unconstitutional, the case of *In re Lockett*, 179 Cal. 581 [178 Pac. 134], is cited. In that case section 288a of the Penal Code was held unconstitutional by reason of the fact that the section as it then stood was not wholly printed in the English language, and contained Latin words, which had not become Anglicized, and that as adopted by the legislature the section was uncertain and indefinite. Appellant, however, overlooks the fact that section 288a of the Penal Code was amended in 1921 to avoid the objections pointed out in the Lockett case. Since the amendment to that section it has been passed upon and upheld in the following cases: *People* v. *Parsons*, 82 Cal. App. 17 [255 Pac. 212]; *In re Parsons*, 84 Cal. App. 267 [257 Pac. 881].

The point urged by appellant is that section 288 of the Penal Code is no more definite than section 288a of the Penal Code and, therefore, if section 288a of the Penal Code is unconstitutional, the same invalidity attaches to section 288 of the Penal Code. In view of the fact that section 288a of

144

the Penal Code has been held constitutional, the argument of appellant, based upon the comparison of the two sections, necessarily fails.

It is finally argued that, as section 288 of the Penal Code refers to part II, instead of to part I, it is indefinite, uncertain and not capable of furnishing a foundation for a criminal prosecution. In that particular it is urged that the holding in the case of *People* v. *Bradford*, 1 Cal. App. 41 [81 Pac. 712], should be overruled. In that case the court held that part II should be read as part I, and that it was evident that the characters II were inserted by clerical misprision for the character I. In that case it was said: "Such construction is warranted by the decision of our Supreme Court in *California Loan Co.* v. *Weis*, 118 Cal. 497 [50 Pac. 697], wherein it was held that the word 'June' was inserted, either by legislative oversight or clerical error, where 'July' was intended, such construction being necessary to give effect to the plain intent of the legislature as deduced from the whole act then under consideration. The rules of statutory construction embrace also the correction of clerical errors by the insertion of the true word or words (*County of Lancaster* v. *Frey*, 128 Pa. St. 593 [18 Atl. 478], cited in *California Loan Co.* v. *Weis*, 118 Cal. 497 [50 Pac. 497].) Under this construction section 288 is intelligible and certain."

The appellant, however, cites the case of *Hatfield* v. *Jordan*, 183 Cal. 223 [190 Pac. 1030], wherein it was held that where a statute contained the figures 1931, it could not be read as referring to the year, 1921. The Hatfield case, however, is not controlling here, and does not furnish any reason for our refusing to follow the case of *People* v. *Bradford, supra*. In the Hatfield case there was nothing before the court which indicated what the intention of the legislature was other than mere inferences. Section 288 of the Penal Code, *supra*, appears in the Penal Code in such a setting that the intention of the legislature, and the purpose to refer to part I instead of to part II is so plain and certain that no one could be misled as to the intention and meaning of the legislature. As to the section being ambiguous when read as held in the Bradford case, *supra*, is shown to be without merit by reference to 16 California Juris-

prudence, page 3, section 2, and the authorities there cited. We deem it unnecessary to quote the section.

■ As to the insufficiency of the evidence to warrant the verdict, we can only say that a careful reading thereof leads to the contrary conclusion. The testimony shows that the defendant took the boy named in the information, a boy of the age of twelve years, and, also, another boy named Charles Burmester, somewhat older, just how many years not stated in the testimony, in a Dodge coupe from the town of Santa Rosa to a place called Bennett Valley, ostensibly on a hunting trip; that on the way out he stopped and purchased a bottle of wine, which fact, perhaps, accounts in part for the commission of the acts with which he was charged, and of which he was found guilty. The two boys testified substantially to the acts charged in the information as having been committed upon the person of the boy Delbert.

■ The testimony is of such a vile character that we refrain from setting it forth in this opinion, and we will content ourselves with saying that we are satisfied from a reading thereof that the contention that there is not sufficient testimony to warrant a conviction by the jury is likewise without merit. The defendant, of course, denied all the testimony given by the boys. The truth or falsity of the testimony being wholly a matter for the jury, the fact that the acts were denied by the defendant cannot be considered by us as overthrowing the testimony of the boys.

As to the errors of the court alleged to have been committed in overruling the objections to certain testimony, it appears from the transcript that the testimony objected to had previously been given by the defendant without any objection being interposed thereto. The testimony objected to was that of the witness upon cross-examination, and upon objection by defendant's counsel, the court did erroneously state that such testimony had been given upon direct examination. The transcript shows that the testimony which was objected to had, however, been previously given by the defendant on cross-examination, and when so given came into the record without any objection being interposed. However, if such were not the case, the testimony objected to is not such as to warrant a reversal. It simply referred to the fact of the defendant's having taken an automobile ride

with a boy by the name of Martin Law. The defendant had testified that he took an automobile ride with the witness Burmester and another boy whose name he did not know.

It is next objected that the court erred in its instructions to the jury and in refusing instructions requested by the defendant. The instructions are too lengthy to set out in this opinion, and we content ourselves with the statement that the court fully and very carefully advised the jury as to the law in the premises, and also went so far as to give the jury the following precautionary instructions, to wit:

"You are instructed that the testimony of a child of tender years such as the prosecuting witness here, ought to be viewed with care and caution, and the evidence in a case of this kind is to be weighed by you with the utmost care without bias or prejudice."

And further: "While the law does not require in this character of a case that the prosecuting witness be supported by another witness or other corroborating circumstances it does, however, require that you examine the testimony of the prosecuting witness with caution."

It may be observed further that the testimony of the prosecuting witness was corroborated. The appellant challenges the veracity of the corroborating witness. However, that was a matter for the jury and not for us. If believed by the jury, the corroborating evidence was absolutely sufficient to support the verdict of guilty, irrespective of the testimony of the prosecuting witness. As to the refused instructions, which cover a number of the pages of the transcript, we only need to state that everything contained therein which should have been given to the jury was included in the instructions given and that most of the refused instructions were couched in argumentative language and were not asked in such form as to entitle them to be read to the jury. We do not need to cite authorities to the effect that a trial court should not give instructions which are argumentative in form.

The trial court properly held that, under the testimony Delbert Butler was not an accomplice and, therefore, the instruction requested by the defendant to the effect that he was, was properly refused.

We find nothing in the transcript indicating any serious misconduct on the part of the district attorney, or any misconduct that calls for comment in this opinion.

Appellant has quoted page after page from opinions of other courts when passing upon questions similar to those involved herein to the effect that great caution and circumspection should be used in cases of this character, lest a defendant be convicted from the mere repulsiveness of the charge. It would serve no useful purpose to add anything to such comments or to review them herein. It is sufficient to say that the instructions which we have quoted, as given by the trial court in this case, call that very fact to the attention of the jury, and advise them to give serious and critical attention to the testimony of the witnesses upon which the charge was based.

As herein stated, the record is so full of repulsive details that we refrain from contaminating the public records of this state with a recital thereof, and content ourselves with the statement that a review of the whole case leads us to the conclusion that the testimony sufficiently supports the verdict and that no error was committed by the court of which the appellant has any reason to complain.

The order and judgment appealed from are affirmed.

Finch, P. J., and Hart, J., concurred.