PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO RAMOS, Defendant and Appellant. PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO PIMENTELL, Defendant and Appellant.

Nos. 4500 and 4504.   Argued June 11, 1931.—Decided June 25, 1931.

*R. A. Arroyo Ríos* for appellants.   *R. A. Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The same question is to be determined in these two cases, and therefore they will be considered in a single opinion herein.   In both of them the district attorney charged the defendants with the offense defined and punished in the second paragraph of section 260 of the Penal Code, committed as follows:

''The said . . . unlawfully, willfully, and maliciously committed lewd and lascivious acts with the body and genital organs of a female child under fourteen years of age . . ., with the intent of arousing and gratifying his lust, passion, and sexual desires.''

The defendants demurred to the information in each case because it failed to state facts sufficient to charge them with a public offense.   The demurrers were overruled, and after

a trial the defendants were convicted and sentenced. Feeling aggrieved, they appealed and have raised in this Supreme Court the same question as in the District Court. The *Fiscal* of this Court, after considering the cases, in a reasoned brief has moved for a reversal of the judgments appealed from.

Section 260 of the Penal Code, in its pertinent part, reads as follows:

"Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a *felony* and shall be imprisoned in the penitentiary not to exceed five years."

Section 288 of the Penal Code of California is similar to the second paragraph of section 260 of our Code which is applicable here. In deciding the identical question now raised, the Supreme Court of that State, in *People* v. *Grinnell*, 98 Pac. 681, expressed itself thus:

"Defendant was convicted under an indictment charging him with the offense defined in section 288 of the Penal Code. He appeals from the judgment and an order denying his motion for a new trial.

"At the trial the defendant interposed an objection to the introduction of evidence, upon the ground that the facts stated in the indictment did not constitute a public offense, which objection was overruled. Said section 288 is as follows: 'Any person who shall willfully and lewdly commit any lewd or lascivious act other than the acts constituting other crimes provided for in part two of this Code upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, shall be guilty of a felony and shall be imprisoned in the state prison not less than one year.' The allegation in the indictment is that the defendant 'did willfully and

lewdly commit a lewd and lascivious act upon and with the body of a child under the age of 14 years, . . . with the intent, etc. . . .'

" * * * * * * * * * *

"Section 15 of the Penal Code defines a public offense as 'an act committed or omitted in violation of a law forbidding or commanding it. . . .' The indictment purports to charge defendant with the crime designated in said section 288, but does not attempt to specify the particular acts which defendant must have committed in order to warrant his conviction. Nor does it describe the offense substantially in the language of the statute, in that it fails to state the act committed was not one constituting some other crime, provided in part 1 of the Penal Code (erroneously designated part 2). People v. Bradford, 1 Cal. App. 41, 81 Pac. 712. It is only lewd and lascivious acts other than the acts embraced in those other crimes which constitute a public offense under said section. The acts referred to in the exception 'other than the acts,' etc., are descriptive of and define the offense. Hence the indictment, in order to state the offense, must, unless it appear from particular acts described therein, negative any conclusion that the acts which defendant is charged with committing are those embraced in the exception. 'The question is whether the exception is so incorporated with and becomes a part of the enactment as to constitute a part of the definition or description of the offense; for it is immaterial whether the exception or proviso be contained in the enacting clause or section, or be introduced in a different manner. It is the nature of the exception, and not its location, which determines the question. Neither does the question depend upon any distinction between the words 'provided' or 'except,' as they may be used in the statute. In either case the only inquiry arises whether the matter excepted, or that which is contained in the proviso, is so incorporated with as to become, in the manner above stated, a part of the enacting clause.'

"Defendant is entitled to the benefit of any inference, reasonably deducible from the facts charged, consistent with his innocence. The indictment, neither by a particular description of the act, nor by describing the offense substantially in the language of the statute, charges defendant with committing the lewd and lascivious acts described in the statute as constituting the crime, and for this reason fails to state a public offense.

"The judgment and order appealed from are reversed."

It is unnecessary to cite further cases. The question is clear. As maintained by the *Fiscal* in his brief, the offense

contemplated and punished by the second paragraph of section 260 of the Penal Code should be charged as follows:

"(1) By drawing up the charge in the language of the statute including the words 'other than the acts constituting crimes provided for in the Penal Code'; or (2) stating that the lewd and lascivious acts with which the defendant is charged are not punishable under other sections of the Penal Code; or (3) specifically alleging the lewd or lascivious acts charged against the defendant in such a manner that it should clearly appear from the allegation itself that said acts are not covered and punished by other sections of the Penal Code."

None of these forms was followed in the present cases, and hence it must be concluded that the informations are fatally defective.

The judgments appealed from must be reversed and the demurrers interposed by the defendants, sustained.