[Crim. No. 545.   First Appellate District.—January 11, 1915.]

THE PEOPLE, Respondent, v. JOHN EMIL RAICH, Appellant.

CRIMINAL LAW—LEWD ACT UPON CHILD—SECTION 288 PENAL CODE—EVIDENCE—CORROBORATION UNNECESSARY.—In a prosecution for the commission of the felony defined by section 288 of the Penal Code there is no requirement either in the statute defining the offense or other law which requires the testimony of the complaining witness to be corroborated.

ID.—CREDIBILITY OF WITNESSES—CONTRADICTIONS—PROVINCE OF JURY.—It is the peculiar and exclusive province of the jury to decide upon the credibility of the witnesses, and in doing so it is their duty to reconcile if possible any apparent conflict in the evidence, whether such conflict is developed upon the whole case or in the testimony of an individual witness; and it is for the jury to determine whether or not a witness has been impeached by proof of contradictory statements or otherwise, and to what extent they will believe or disbelieve the testimony of a witness thus assailed.

ID.—CONTRADICTORY TESTIMONY—CREDIBILITY OF.—Mere contradictions in the testimony of a witness will not, standing alone, suffice to utterly destroy the credibility of such witness, and in such a case it is still the province of the jury to pass upon the question of credibility.

ID.—PROBABILITY OF STORY OF COMPLAINING WITNESS.—In such a case, where the complaining witness testified among other things in substance that the lewd and lascivious conduct charged against the defendant was perpetrated upon her every day for three successive months, that through all of this time she attended school every day, and that once a week during the same time she was bathed by her mother, and the statements made by the witness in her testimony upon the trial varied in certain details from the testimony given upon the preliminary examination of the defendant, the testimony was not so inherently improbable as to be unworthy of belief, where the record does not show whether any observation of the person, clothing, or health of the complaining witness was made by any person at any time and, although the mother of the complaining witness had an opportunity to make the observation referred to, it does not appear that she did so.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Pierre A. Fontaine, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction and from an order denying a new trial in a case where the defendant was charged with the commission of the felony defined by section 288 of the Penal Code.

But two points are presented in support of the appeal—namely, that the evidence is insufficient to support the verdict, in this, that the testimony of the complaining witness upon which the case of the people was primarily rested, was not corroborated, and that her testimony is so inherently improbable and incredible that it amounts to no evidence at all.

Neither point is well taken. The statute defining the offense of which the defendant was convicted does not require that the testimony of the complaining witness shall be corroborated; and we know of no statutory or other rule of law which calls for corroboration of the testimony of the complaining witness in cases of the character under consideration.

The contention that the testimony of the complaining witness is so inherently incredible and improbable is based upon the claim that her story as told upon her examination in chief concerning the conduct of the defendant at the time of the commission of the crime, was in a measure contradicted upon cross-examination, and by a showing that her testimony upon the trial varied in certain details from her testimony given upon the preliminary examination of the defendant.

Mere contradictions of the testimony of a witness will not, standing alone, suffice to utterly destroy the credibility of such witness. It is the peculiar and exclusive province of the jury to decide upon the credibility of witnesses; and although impeaching evidence in the nature of contradictions or otherwise, has been received, it is still not only the right but the duty of the jury to determine to what extent they will believe or disbelieve the testimony of the witness thus assailed. It is the peculiar and exclusive province of the jury to decide upon the credibility of a witness; and in so doing it is their duty to reconcile if possible any apparent conflict in the evidence, whether such conflict is developed upon the whole case or in the testimony of an individual witness. In other

words, the jury are the sole judges as to whether or not a witness has been impeached by proof of contradictory statements or otherwise; and finally it is for them to say to what extent they will believe or disbelieve the testimony of the witness thus assailed. The complaining witness among other things testified in substance that the lewd and lascivious conduct charged against the defendant was perpetrated upon her every day for three successive months; that through all of this time she attended school every day, and that once a week during the same time she was bathed by her mother. It is insisted that this testimony of itself shows that the story of the complaining witness was inherently improbable, and therefore utterly unworthy of belief, because, as is argued, it would have been physically impossible for the defendant to have repeatedly done the things charged against him without leaving some outward evidence of his acts upon the person and clothing of the complaining witness, and at the same time visibly and injuriously affecting her health. This may be true; but the record does not show whether any observation of the person, clothing, or health of the complaining witness was made by any person at any time. True the mother of the complaining witness had an opportunity to make the observations referred to; but the fact remains that it does not appear that she did so; and even though she had done so and found no evidence of the crime charged against the defendant, this would not necessarily have demonstrated the improbability of the testimony of the complaining witness.

The judgment and order appealed from are affirmed.