[Crim. No. 452.   Second Appellate District.—February 2, 1916.]

THE PEOPLE, Respondent, v. ESTAQUIO VILLALOVAS, Appellant.

CRIMINAL LAW—MURDER—CREDIBILITY OF WITNESS—IMPROBABILITY OF COMMISSION OF CRIME BY DEFENDANT—APPEAL—REVIEW.—Upon appeal from the judgment and order denying a new trial in a prosecution for the crime of murder, it cannot be urged as grounds for reversal that the jury should not have believed the testimony of the chief witness for the prosecution as to an alleged confession made to him by the defendant because of the existence of a feeling of unfriendliness between the witness and the defendant, and the improbability of the commission of the crime by the defendant by reason of his departure and return to the place of the crime, and such questions were for the determination of the jury, and of the trial court upon the motion for a new trial.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Dorn & Parker, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant was convicted of committing the crime of murder in the second degree, the judgment of the court being a sentence to imprisonment for a term of fifteen years. He appeals from the judgment and from an order denying his motion for a new trial.

The ground upon which defendant's attorneys argue for a reversal is that the evidence is insufficient to justify the verdict.

It appears that Samuel Smith, an old man 87 years of age, lived alone in a shack located upon the waterfront in San Diego; that about 4 o'clock P. M., June 10, 1915, he was discovered in his house with wounds on the back and front of his head which had apparently been inflicted by a blood-stained club found near him. The blood resulting from his wounds was dry, indicating long exposure. It also appeared that defendant, for some three or four nights immediately preceding the attack, had slept at the house of deceased, and that he left the city on the evening of the day when deceased was found in his wounded condition. While other facts and circumstances were established tending to prove defendant's guilt, the chief evidence, as to the competency of which no attack is or was made, was that given by one Isais as to a conversation had with defendant, wherein the latter told him that he had, for the purpose of obtaining money which he knew Smith possessed, attacked him with the club, striking him in a manner calculated to inflict the wounds, which, as shown by other evidence, caused the death of deceased.

The defendant, over plaintiff's objection, in presenting his defense, was permitted to testify that a feeling of unfriendliness existed between him and the witness Isais, by reason of which fact his counsel insist that the jury should not have believed the testimony so given by the latter. It also ap-

peared that after the commission of the crime defendant had been in and out of said city, where he was known, and hence it is argued that had he been guilty, it is improbable that he would have returned to the scene of the crime.

These were proper questions to present to the jury, since they in the first instance were the judges of the credibility of the witnesses, and to the trial court before which such witnesses appeared, in presenting a motion for a new trial; but upon appeal they constitute no sufficient ground for reversal by this court. It may be, as claimed, that had the jury not given credit to the testimony of Isais, it would have rendered a different verdict. So conceding, it was nevertheless the exclusive province of the jury, under the circumstances shown, to determine the weight which they should accord the testimony touching the alleged confession. (*People* v. *Raich*, 26 Cal. App. 287, [146 Pac. 907].) According to appellant's theory, it believed the testimony, admittedly competent, to be true. The record discloses no error of law which would justify this court in disturbing the verdict, and the judgment based thereon and the order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and James, J., concurred.