[Crim. No. 815.    Second Appellate District, Division Two.—November 8,
1921.]

THE PEOPLE, Respondent, v. PAUL E. HULBART,
Appellant.

[1] CRIMINAL LAW — LEWD AND LASCIVIOUS ACT — EVIDENCE — TESTI-
MONY OF COMPLAINING WITNESS—CORROBORATION NOT REQUIRED.—
In a prosecution under section 288 of the Penal Code for the
commission of a lewd and lascivious act upon or with the body
of a child under the age of fourteen years, no corroboration of
the testimony of the complaining witness is required where the
defendant is over such age, in view of section 1111 of the Penal
Code as amended in 1915, defining an accomplice.

APPEAL from a judgment of the Superior Court of
Los Angeles County.    William P. Cary, Judge, Presiding.
Affirmed.

The facts are stated in the opinion of the court.

LeRoy D. Barnett and W. W. Judd for Appellant.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy
Attorney-General, and John W. Maltmann for Respondent.

FINLAYSON, P. J.—Defendant, who was convicted of
the offense defined in section 288 of the Penal Code, namely,
the commission of a lewd and lascivious act upon or
with the body ''of a child under the age of fourteen
years, with the intent of arousing . . . lust,'' etc., appeals
from the judgment and from an order denying his motion
for a new trial.

At the time of the commission of the offense of which
he was convicted, defendant was a man of about twenty-
three years of age, and his victim, the complaining witness,

was a boy of about twelve years. A discussion of the mal-
odorous facts is not necessary, and in view of the nature
of the testimony, no detailed consideration of the evidence
will be made. At the request of defendant the court gave
certain instructions respecting the necessity of corrobora-
tion of the testimony of an accomplice. These instructions
were given upon the theory that, in every case of this
character, the complaining witness is, of necessity, an ac-
complice. Subsequently the court withdrew all of the
instructions that it had given relative to the law of ac-
complices, and specifically instructed the jury that the
complaining witness was not an accomplice. It is of this
action on the part of the court that complaint is now made.

[1] Appellant contends that, regardless of the boy's
age, the evidence shows him to be an accomplice because of
his intelligence, education, and understanding of moral
questions, and that, therefore, the court's withdrawal of
its instructions upon the law of accomplices and its refusal
to instruct the jurors that if they found the child to be
an accomplice his testimony would require corroboration to
sustain a conviction, constituted a prejudicial error. With-
out doubt, the testimony of an accomplice is required to
be corroborated in order to sustain a conviction. Section
1111 of the Penal Code expressly so provides. But, by
an amendment of that section in 1915 (Stats. 1915, p. 760),
we now have a legislative definition of an accomplice as
"one who is liable to prosecution for the identical offense
charged against the defendant on trial in the case in which
the testimony of the accomplice is given." The gist of
the offense defined by section 288 is that the acts shall
be committed upon or with the body "of a child under the
age of fourteen years." In the present case the prosecuting
witness, a boy of but twelve years, could not be guilty,
with this defendant—who was over fourteen years of age—
of the defense defined in section 288, for as we have seen,
the gist of the offense is that the acts shall be committed
upon or with the body of one under the age of fourteen
years. It is not necessary to · pursue the question fur-
ther; for it has been expressly decided that there is no
statute or rule of law of this state calling for the corrobo-
ration of the testimony of the complaining witness in
cases of this character, where, as here, the defendant is

over the age of fourteen years. (*People* v. *Raich,* 26 Cal. App. 286 [146 Pac. 907]; *People* v. *Troutman,* 187 Cal. 313 [201 Pac. 928]. See, also, *People* v. *Thourwald,* 46 Cal. App. 261 [189 Pac. 124].)

The judgment and order are affirmed.

Works, J., and Craig, J., concurred.