[Crim. No. 1003.   Second Appellate District, Division One.—August 27, 1923.]

## THE PEOPLE, Respondent, v. GEORGE W. FELLOWS, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 288A, PENAL CODE—PLEAD-ING—VENUE—INFORMATION.—Where an information directly charges the commission of the offense denounced by section 288a of the Penal Code in a particular county, it is immaterial that the venue might also have been laid in any other county through which the train, on which the evidence showed that the offense was committed, passed.

[2] ID.—VENUE—INFORMATION—EVIDENCE.—In this prosecution for a violation of section 288a of the Penal Code, the offense denounced thereby having been committed on a railroad train, the evidence was sufficient to show that the offense was committed in the county in which the information charged it was committed.

[3] ID.—VENUE—INSTRUCTION.—In such prosecution, an instruction which in effect told the jury that although they might find and believe from the evidence that some part of the act alleged in the information took place in another county (if they found any act as alleged did take place), yet if they further found beyond a reasonable doubt that at the time and place alleged in the information any of the acts alleged in the information took place in the county in which the information charged it was committed, they should find the defendant guilty as charged, is not open to the objection that in effect it instructed the jury that the act was committed in the county in which the information alleged it was committed, and that the jury should so find.

[4] ID.—BOUNDARY LINES OF COUNTY — REFUSAL TO GIVE INSTRUCTION CONCERNING—ABSENCE OF ERROR.—In such prosecution, the trial court did not err in refusing to give to the jury an instruction defining by metes and bounds the boundary lines of the county in which the information charged the offense was committed, where the only point to be considered by the jury in connection with the boundary lines of such county was whether or not the railroad train on which defendant was riding at the time of the commission of the offense had arrived within that county, and there was sufficient evidence from which the jury could determine the question, and other instructions fully and fairly covered the situation.

---

2.  Constitutionality of statute fixing venue of offense committed while upon a public conveyance or at station or depot upon route thereof, notes, 9 Ann. Cas. 615; 11 A. L. R. 1020.

[5] ID.—INTOXICATION—REQUESTED INSTRUCTION—REFUSAL TO GIVE—
ABSENCE OF PREJUDICE.—In such a prosecution, while, under the
evidence, the giving of a requested instruction to the effect that if
the jury found that at the time the offense in question was com-
mitted the defendant was so under the influence of intoxicating
liquors that a felonious intent could not be formed in his mind,
their verdict should be not guilty, would not have been entirely
improper, the failure to give it worked no injury to defendant
where the evidence clearly established his guilt.

[6] ID.—MOTION FOR ARREST OF JUDGMENT—ORDER DENYING—NON-
APPEALABLE ORDER.—The law does not provide for an appeal from
an order denying a motion in arrest of judgment.

APPEAL from a judgment of the Superior Court of
Orange County. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

Roland Thompson and Albert Pearce for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney,
Deputy Attorney-General, for Respondent.

HOUSER, J.—By an information filed by the district
attorney of Orange County defendant was charged with
having committed the crime of sex perversion, as denounced
by section 288a of the Penal Code, in "that the said George
W. Fellows, on or about the 22nd day of December, 1922,
at and in the county of Orange, state of California, . . .
did willfully, unlawfully and feloniously participate" in
the act of which complaint is made.

The evidence showed that the crime was committed on
board a passenger-car of a railroad train which was trav-
eling between the city of Los Angeles and the city of San
Diego. Defendant was convicted and he appeals to this
court from the judgment, as well as from the order deny-
ing his motion for a new trial; he also appeals from the
order by the court denying his motion in arrest of judg-
ment.

Section 783 of the Penal Code provides, in part, that
"when the offense is committed in this state, on a railroad
train or car prosecuting its trip, the jurisdiction is in any

5.  What intoxication will excuse crime, note, 36 L. R. A. 465.

county through which the train or car passes in the course
of her trip, or in the county where the trip terminates'';
and in that connection it is contended that the information
is faulty in its failure to contain appropriate allegations
showing the extraterritorial jurisdiction of the superior
court of Orange County. Defendant also contends that
under the provisions of section 777 of the Penal Code (ex-
cept as otherwise in the Penal Code provided) every public
offense is punishable in the county wherein it is committed.
[1] In view of the fact that the information directly
charges the commission of the offense in Orange County, it
becomes immaterial that the venue might also have been
laid in any other county through which the train passed.
(*People* v. *Moore*, 103 Cal. 508 [37 Pac. 510].)

[2] It is further objected that the evidence does not
show that the offense was committed in Orange County.
An eye-witness to the act of which complaint is made tes-
tified: "Q. And what did you see? A. That man [de-
fendant] was going on his knees. Q. And where was
your train at that time, if you know about where it was?
A. We was at Northrup; right at Northrup. Q. Northam?
A. Yes, Northam."

After relating details unnecessary to be here considered,
the testimony of the witness continued: "Q. Then what did
he do? A. Kept at it until I come up and pushed him
on the arm. Q. How long was he at it, would you say?
A. Five minutes."

On cross-examination the witness testified as follows:
"Q. Where does Northam come in? A. Well, it is between
Santa Fe Springs and Fullerton. Q. And when did you
notice you were at Northam, if you did notice that? A.
I never noticed any certain time we was at Northam. Q.
You never noticed Northam at all, did you. A. No, sir."

It is shown by other evidence that Northam is in Orange
County and that the train was running at the rate of about
forty miles per hour. Assuming that defendant started to
commit the offense at or near Northam (although the witness
who testified to having seen the act committed did not notice
the time); that defendant was five minutes engaged in its
commission before being disturbed therein by the witness
whose testimony has been quoted; and that the train was
proceeding toward the interior of Orange County at a rate

of forty miles per hour,—there can be no question but that the venue of the offense was properly laid in the information and no error was committed by the court in either refusing to strike out all evidence relating to the commission of the offense or in denying defendant's motion that the action be dismissed for want of jurisdiction of the court to try the cause.

Among others, the court gave an instruction as follows: "You are instructed that although you may find and believe from the evidence that some part of the act alleged in the information took place in Los Angeles County (if you find any act as alleged did take place), yet if you further find beyond a reasonable doubt that at the time and place alleged in the information any of the act of copulation as alleged in the information took place in Orange County, California, you should find the defendant guilty as charged."

[3] The objection to the instruction, that in effect it instructed the jury that the act was commited in Orange County and that the jury should so find, is not well taken. The instruction is well guarded in the very respects to which objection is made and the jury could not have been misled or improperly influenced thereby.

[4] Appellant also specifies error by the court in refusing to give to the jury an instruction defining by metes and bounds the boundary lines of Orange County. Such a description was not at all necessary. The only point to be considered by the jury in connection with the boundary lines of Orange County was whether or not the railroad train on which defendant was riding at the time of the commission of the offense had arrived within that county. There was sufficient evidence from which the jury could well determine the question, and other instructions of the court fully and fairly covered the situation.

Error is also predicated upon the refusal by the court to give to the jury the following instruction requested by defendant: "The jury is instructed that if you do find beyond a reasonable doubt that the defendant committed the identical offense charged in the information, but that at the time said offense was committed, if the same was committed by the defendant, that he was so under the influence of intoxicating liquors that a felonious intent could not be

formed in his mind, then you are instructed to bring in a verdict of not guilty."

Section 22 of the Penal Code provides: "No act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. But whenever the actual existence of any purpose, motive, or intent is a necessary element to constitute any particular species or degree of crime, the jury may take into consideration the fact that the accused was intoxicated at the time, in determining the purpose, motive, or intent with which he committed the act."

The evidence produced on the trial showed that, while previous to the time when the offense was committed defendant had been drinking intoxicating liquor, he was perfectly sober at the time of its commission. The offense was committed at about 2 o'clock A. M. Defendant testified in substance that while he, his woman companion, and another man had consumed two pints of intoxicating liquor from about 8 or 9 o'clock in the evening until 12 or 12:30 o'clock of the same evening, nevertheless he remembered distinctly all that took place on the occasion referred to, and one of the witnesses testified that at that time defendant was "just as sober as I am." The entire testimony of the defendant was based upon such a condition of mind. He related in full detail what his general conduct and actions were, together with what was said and done on the part of the brakeman and the conductor of the train on which defendant and his companion were traveling. There was nothing of any importance developed by the evidence which would indicate other than that defendant was in complete possession of his mental faculties and thoroughly understood everything that was taking place at all times in question. [5] While in the circumstances the giving of the requested instruction would not have been entirely improper, the failure to give it certainly worked no injury to defendant. An examination of the entire cause, including the evidence, clearly, if not conclusively, establishes defendant's guilt, and if there was any error by the court in refusing the instruction such error did not result in a miscarriage of justice.

Although there is an appeal from the order denying the motion in arrest of judgment, neither argument nor author-

ity is presented in support of such appeal other than such as has already received the attention of the court in connection with other points herein discussed. [6] The law does not provide for an appeal from such an order.

No error appearing, the judgment, as well as the orders from which an appeal is taken, are affirmed.

Conrey, P. J., and Curtis, J., concurred.