[Crim. No. 747.   Third Appellate District.—August 29, 1924.]

THE PEOPLE, Respondent, v. F. W. THOMPSON et al., Appellants.

[1] CRIMINAL SYNDICALISM ACT—MEMBERSHIP IN I. W. W.—KNOWLEDGE—CONSTITUTIONAL LAW.—Subdivision 2 of section 4 of the Criminal Syndicalism Act, which provides that any person who "is or knowingly becomes a member of any organization, society, group or assemblage of persons, organized or assembled to advocate, teach, or aid and abet criminal syndicalism" is guilty of a felony, is constitutional; and *scienter* or guilty knowledge is an essential element of such offense, even though the word "knowingly" had been omitted from the act.

[2] ID.—VOIR DIRE EXAMINATION OF JUROR—BASIS FOR OPINION—CONFLICTING EVIDENCE—BIAS—APPEAL.—In a prosecution for a viola-

---

1. Validity of legislation directed against social or industrial propaganda deemed to be of a dangerous tendency, notes, 1 A. L. R. 336; 20 A. L. R. 1543. See, also, 5 Cal. Jur. 506.

2. See 15 Cal. Jur. 429; 16 R. C. L. 288.

tion of subdivision 2 of section 4 of the Criminal Syndicalism Act, where a juror on his *voir dire* states that he has formed an opinion and that such opinion is founded upon what people who claimed to know the objects and purposes of the I. W. W. told him and upon information obtained from reading literature issued by the I. W. W., but upon further examination he states that the source of his information was common street talk and a newspaper issued by the I. W. W., and that notwithstanding his opinion, if selected as a juror to try the case, he can and will lay aside that opinion and render a true verdict upon the law and the evidence adduced at the trial, the trial court is not obliged to grant the defendant's challenge for actual bias, but it is its duty to weigh such conflicting evidence and determine the ultimate fact as to the source of the juror's information; and where it has resolved the conflict in favor of the qualification of the juror to serve, such finding will not be disturbed on appeal.

[3] ID.—HEARSAY EVIDENCE—ERROR WITHOUT PREJUDICE.—In such a prosecution, testimony by a witness for the people as to statements made to him by a third person, in the presence of the local secretary and other members of the I. W. W, to the effect that he (said third person) had placed potassium hydroxide in several men's shoes, is hearsay in so far as proof of the fact stated by him is concerned; but the admission of such testimony will not be held to be reversible error, where the record is replete with innumerable other unlawful acts committed by the members of the I. W. W.

[4] ID. — GUILTY KNOWLEDGE — EVIDENCE — INFERENCES. —In such a prosecution, where there is an abundance of evidence to establish the criminal character of the I. W. W., and the membership of the defendants in such organization is undisputed, the jury is justified in drawing the inference of the guilty knowledge of the defendants.

[5] ID.—DEFINITION OF SABOTAGE—INSTRUCTIONS.—In such a prosecution, it is not error to refuse to give defendants' proffered instruction defining the word "sabotage," where the court has given the definition contained in the Criminal Syndicalism Act.

[6] ID. — CORROBORATION OF ACCOMPLICE — SUFFICIENCY OF INSTRUCTIONS.—In such a prosecution, where defendants' requested instruction as to the necessity of corroboration of an accomplice should

3. See 8 Cal. Jur. 83, 615; 10 R. C. L. 958; 2 R. C. L. 247.
5. See 8 Cal. Jur. 314; 14 R. C. L. 751.
6. Conviction on testimony of accomplice, notes, 71 Am. Dec. 671; 34 Am. Rep. 408; 98 Am. St. Rep. 158. See, also, 8 Cal. Jur. 172; 1 R. C. L. 166.

be given, the refusal to give such instruction will not be held reversible error where the criminal character of the organization (of which defendants are charged with being members) is conclusively established, and defendants' membership in such organization is undisputed; and the refusal to give other instructions offered by defendants will not be held prejudicial to their rights where the instructions given by the court fully and fairly instruct the jury on all material questions of law.

(1) 33 C. J., p. 162, sec. 18, p. 163, sec. 18 (Anno.), p. 164, sec. 21. (2) 17 C. J., p. 238, sec. 3580; 35 C. J., p. 404, sec. 458. (3) 16 C. J., p. 332, sec. 3676, p. 622, sec. 1233. (4) 33 C. J., p. 165, sec. 25. (5) 16 C. J., p. 967, sec. 2360, p. 1063, sec. 2506. (6) 16 C. J., p. 1063, sec. 2506; 17 C. J., p. 350, sec. 3707, p. 368, sec. 3751.

APPEAL from a judgment of the Superior Court of Yuba County and from an order denying a new trial. E. P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. W. Henderson and T. F. Allen for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURROUGHS, J., *pro tem.* — The defendants were jointly charged by the grand jury of Yuba County with a violation of certain of the provisions of the act of the legislature approved April 30, 1919, commonly known as the "Criminal Syndicalism Act" (Stats. 1919, p. 281). The charging part of the indictment reads as follows: "In the County of Yuba, State of California, on or about the 28th day of July, 1923, F. W. Thompson, Malcolm Fullerton and Ed. Dawe, then and there being, did then and there, willfully, unlawfully and feloniously become and were members of an organization, society, club and assemblage of persons known and designated as the 'Industrial Workers of the World,' and sometimes known and referred to as the 'I. W. W.' which said organization, society, club and assemblage of persons was then and there, organized and assembled to advocate, teach, aid and abet criminal syndicalism as a means of accomplish-

ing a change in industrial ownership and control and effecting political changes.''

After plea of not guilty and trial, the defendants Thompson and Dawe were found guilty and defendant Fullerton not guilty. This is an appeal by the convicted defendants from the judgment and an order denying their motion for a new trial.

The portion of the act under which the defendants were prosecuted reads as follows:

''The term, 'Criminal Syndicalism,' as used in this act is hereby defined as any doctrine or precept advocating, teaching, or aiding and abetting the commission of crime, sabotage (which word is hereby defined as meaning willful and malicious physical damage or injury to physical property), or unlawful acts of force and violence or unlawful methods of terrorism, as a means of accomplishing a change in industrial ownership or control, or effecting any political change.''

''Sec. 2. Any person who—subd. 4—'or is or knowingly becomes a member of any organization, society, group or assemblage of persons, organized or assembled to advocate, teach, or aid and abet criminal syndicalism'— subd. 5—'is guilty of a felony.' ''

[1] It is claimed by the appellants that the act is unconstitutional in that it is an attempt to create the crime of constructive conspiracy in violation of the constitutional right of personal liberty, in that the words ''is or knowingly becomes'' used in subdivision 2 of section 4 is an attempt to create an arbitrary classification, and that even if the above words are constitutional they must be read as if the word ''knowingly'' were inserted before the word ''is'' as well as before the word ''becomes.'' The very question here presented was before the court in *People* v. *Flanagan et al.,* 65 Cal. App. 268 [223 Pac. 1014], and *People* v. *Wagner et al.,* 65 Cal. App. 704 [225 Pac. 464], where, after an extended consideration of the point, the act was held constitutional, but in both cases it was held that *scienter* or guilty knowledge was an essential element of the offense, even though the word ''knowingly'' had been altogether omitted from the act. In the instant case the trial court held essential *scienter* necessary, and so instructed the jury.

[2] It is claimed that the court erred in denying the challenge for actual bias on the part of Juror Carlin. This juror on his *voir dire* examination in answer to questions propounded by defendants stated that he had formed an opinion as to the purpose for which the Industrial Workers of the World was organized, that his opinion was formed in part from reading the literature issued by the organization, and in part from statements of persons who stated to him that they represented actual facts about its activities, and that he still had that opinion. The juror was therefore challenged by defendants under subdivision 2 of section 1073 of the Penal Code. On further examination the juror testified that the only source of his information as to the purpose for which the I. W. W. was organized was common street talk, and the only literature he had read in reference thereto was the newspaper issued by the I. W. W., and that notwithstanding that opinion, if selected as a juror to try the case, he could and would lay aside that opinion and a true verdict render upon the law and the evidence adduced at the trial.

Section 1076 of the Penal Code provides that "In a challenge for actual bias, no person shall be disqualified as a juror by reason of having formed or expressed an opinion upon the matter or cause to be submitted to such jury, founded upon public rumor, statements in public journals, or common notoriety; provided it appear to the court, upon his declaration, under oath or otherwise, that he can and will, notwithstanding such an opinion, act impartially and fairly upon the matter to be submitted to him."

It appears there is a conflict in the evidence of the juror as to the source of his information. In the first instance he testified it was founded upon what people who claimed to know the objects and purposes of the organization told him. He then qualified this statement by saying that the source of his information was common street talk. He further testified that another source of his information was reading literature issued by the I. W. W. This was also qualified by his statement that the only literature he had read was a newspaper published by the I. W. W. This evidence created a conflict, from

which it was the duty of the trial judge to find the ultimate fact, and having resolved it in favor of the qualification of the juror to serve, under the well-settled rule that such finding will not be disturbed by the higher courts, error cannot be predicated thereon.

[3] It is also claimed that the court erred in permitting witness Coutts, a witness for the People, to narrate certain statements made to him by one Robert Connellan, in the I. W. W. hall at Stockton; such statements being made in the presence of the local secretary and other members of the I. W. W. and were to the effect that he had placed potassium hydroxide in several men's shoes. The identical question was before this court in *People etc.* v. *La Rue et al.,* 62 Cal. App. 276, [216 Pac. 627], and the following language therefrom is a complete answer to appellants' contention in this case. It is there said: "It is clear that the testimony as to what Connellan said he had done was hearsay in so far as proof of the fact stated by him is concerned. It does not clearly appear whether such statement was made at an authorized meeting of the organization. If made at an authorized meeting, then the testimony was admissible, not as proof of the fact stated, but in connection with any action or omission to take action by the organization relative thereto, as showing its attitude towards the commission of such crimes by its members. In any event, there was other evidence which justified the inference that members of the organization had placed acid in the men's shoes on the occasion mentioned, and, in view of the innumerable unlawful acts committed by members thereof, as shown by the evidence, it is not believed that the admission of the evidence, of which complaint is made could have prejudiced the rights of the defendants."

While in the present case there is no other evidence to justify an inference that members of the organization had placed acid in the men's shoes, the record is replete with innumerable unlawful acts committed by the members of the I. W. W., and in view of section 4½ of article VI of the constitution, we are of the opinion that the error complained of did not result in a miscarriage of justice.

In the case of *People etc.* v. *Bailey et al.,* 66 Cal. App. 1 [225 Pac. 752], the same rule has been enunciated.

[4] It is next contended that the evidence is insufficient to show that the defendants had knowledge of the criminal character of the organization. It is undisputed that the appealing defendants were both members of the organization. There is an abundance of evidence to establish the criminal character of the I. W. W., and from this evidence the jury were justified in drawing the inference of the guilty knowledge of the defendants. This question has been disposed of in *People, etc.,* v. *Flanagan et al.,* 65 Cal. App. 268 [223 Pac. 1014]: ''The general character and purposes of the I. W. W., have been given such wide publicity, as shown by the evidence, that it is reasonable to assume, in the absence of evidence to the contrary, that any person of mature judgment and understanding is possessed of sufficient knowledge thereof to put him upon inquiry at least as to the nature of the organization. The intent of the defendants must be determined from their voluntary connection with the conspiracy, viewed in the light of the circumstances which they knew or ought to have known. It must be held that the evidence is sufficient to justify the inference that the defendants had knowledge of the purposes of the organization.''

[5] It is next contended that the court erred in refusing to give certain instructions. The defendants offered an instruction defining the word ''sabotage.'' The court having given the definition contained in the Criminal Syndicalism Act, we deem that sufficient. [6] The court also refused to instruct on the necessity of corroboration of an accomplice. This instruction should have been given, but in *People etc.* v. *La Rue et al.,* 62 Cal. App. 276 [216 Pac. 627] it is held that'where the criminal character of the organization was conclusively established, it was not reversible error, in view of section 4½ of article VI of the constitution, to refuse to give the instruction. The court is also criticised for its refusal to give an instruction where two theories may be adopted by the jury, also an instruction relative to general strikes and refusing to define in its instructions the word ''revolution.'' An examination of the instructions given by the court satisfies us that the court fully and fairly instructed the jury on all material questions of law, and that the refusal to give these of-

fered instructions did not prejudice the rights of the defendants.

The judgment and order are affirmed.

Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 29, 1924; and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 27, 1924.

All the Justices concurred.