[Crim. No. 1582. First Appellate District, Division Two.—June 14, 1930.]

THE PEOPLE, Respondent, v. LOUIS P. GEONZELIS, Appellant.

Alfred J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of the violation of the provisions of section 288 of the Penal Code. He made a motion for a new trial. The motion was denied. From the order denying said motion and from the judgment of conviction the defendant has appealed.

The defendant claims that he was convicted on the uncorroborated testimony of George Wagner, the prosecuting witness. Even though that were so, the law, in this kind of a case, does not require corroboration (Code Civ. Proc., sec. 1844; *People* v. *Hulbart*, 55 Cal. App. 112 [202 Pac. 939]). In the next place, the defendant states that the story as told by the prosecuting witness was such as to render it practically impossible that the alleged act could have occurred. In this connection the defendant argues that the alleged place where the act was claimed to have taken place was in full view of those passing by. Conceding such to be the fact, that fact and all other facts were for the consideration of the jury and this court may not say as a matter of law that the circumstances of want of closed doors in connection with all of the other circum-

stances rendered the testimony given by the witness unbelievable.

In support of his motion for a new trial the defendant tendered, as newly discovered evidence, the affidavit of Frank Clancy. In that document the affiant alleged that he was an employee of the defendant, working in the store where the offense was alleged to have been committed and that the said offense did not take place. If the defendant had wanted the testimony of Clancy he should have produced him as a witness at the trial. No foundation was laid for the assertion that the testimony of such a witness was newly discovered evidence.

The defendant called as one of his witnesses Mrs. Winifred Tobey. On cross-examination, in reply to a question by the prosecution, the witness testified that the defendant was a Greek. No objection was made to this question, and no motion to strike out was made. The defendant may not now make the claim that the mere asking of the question was misconduct on the part of the district attorney. The defendant does not show that the question was not material and relevant to issues on trial. If it was, then it was not error because the prosecution used the testimony for all purposes.

As an instruction on reasonable doubt, the court read section 1096 of the Penal Code. The defendant claims the court erred because it did not give a more complete instruction on the subject (*People* v. *Knight*, 53 Cal. App. 63 [218 Pac. 79]). If he wanted an additional instruction on the subject the defendant should have asked for it.

We find no error in the record. The order and judgment appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.