[Crim. No. 2182. Second Appellate District.—May 17, 1932.]

THE PEOPLE, Respondent, v. JOHN VOSGER, Appellant.

504

Joseph W. Ryan and Frank J. Ryan for Appellant.

U. S. Webb, Attorney-General, and S. L. Sefton for Respondent.

TAPPAAN, J., *pro tem.*—The defendant was convicted of a violation of section 288 of the Penal Code. From this judgment he appeals. Defendant's first specification of error is that the evidence is insufficient to show commission of the material elements of the crime charged. The court has carefully examined the record presented here, and such examination has disclosed that there was evidence presented at the trial of defendant, of a substantial and convincing nature, sufficient to support the charge as made against the defendant. "For it is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground we are discussing it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." (*People* v. *Tom Woo,* 181 Cal. 315, 326 [184 Pac. 389, 393].)

The next contention presented by defendant is stated by him as follows: "The Appellate Court will reverse a case where the evidence relied upon to uphold it is so inconsistent or improbable as to be incredible, amounting to no evidence at all." An extended review of the evidence given at the trial of defendant is unnecessary here. The alleged victim of defendant's attack, was a boy of the age of eleven years. The defendant was a man over forty years of age. The alleged inconsistencies of which defendant complains in-

volved in the main matters of time and place rather than facts as to the commission of the crime. In many instances these seeming inconsistencies were explained by the witness upon his further examination. The police officers who confronted defendant with the boy a short time after the attack was alleged to have taken place, testified that defendant denied that he had ever seen the boy before the officers came with him. Defendant afterward admitted that the boy had tried to sell him a magazine and that he was inside the store. This admission on the part of the defendant, considered in connection with his previous denial of knowledge of the boy, tended to substantiate the story of the boy as to the transaction. The evidence taken as a whole cannot be said to be so inconsistent or improbable as to be incredible or to amount to no evidence at all.

The remaining question presented on this appeal is that the complaining witness was disqualified as a witness. The defendant limits this alleged disqualification by stating his position that the disqualification was ''more particularly with reference to the qualifications going to the weight of the evidence rather than to the admissibility''. The question thus presented is one of fact for the jury. ''Mere contradictions of the testimony of a witness will not, standing alone, suffice to utterly destroy the credibility of such witness. It is the peculiar and exclusive province of the jury to decide upon the credibility of witnesses; and although impeaching evidence in the nature of contradictions or otherwise, has been received, it is still not only the right but the duty of the jury to determine to what extent they will believe or disbelieve the testimony of the witness thus assailed.'' (*People* v. *Raich,* 26 Cal. App. 286, 287 [146 Pac. 907].)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.