[Crim. No. 2617. Second Appellate District, Division Two.—December 6, 1934.]

THE PEOPLE, Respondent, v. HAROLD F. CHADDOCK, Appellant.

Wm. J. Clark for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

WILLIS, J., *pro tem.*—Appellant was tried by the judge of the court below without a jury and found guilty on all three counts in an information charging violations of the provisions of section 288 of the Penal Code. A motion for new trial was made upon the grounds: (1) Errors in decision of questions of law arising during the course of trial; (2) that the judgment is contrary to law; and (3) that the judgment is contrary to the evidence. The motion was denied and from the order denying it this appeal is prosecuted.

It is contended, first, that the evidence so clearly preponderates in favor of the innocence of the accused that the judgment of conviction must as a matter of law be attributed to some unconscious prejudice on the part of the court, rather than to the persuasive effect of the evidence against the defendant; and, second, that errors of law occurred at the trial which should have caused the court to grant the motion for a new trial.

It would serve no useful purpose to review and restate herein the evidence. Suffice it to say that we have carefully read and considered it in the light of the argument presented thereon, and we find therein substantial evidence to support the finding of guilt on each of the three counts. We are, therefore, not free to disturb the decision of the trial court thereon unless manifest error affecting substantial rights of the accused occurred at the trial, or unless the evidence is so inherently improbable that the conviction can only be predicated on the influence of passion and prejudice.

With appellant's contentions and the foregoing rule respecting the character of evidence of guilt in mind, we have reviewed the testimony and find no *indicia* of improbability, either inherent or manifest, in the story told by the child in question in her recitation of the acts and circumstances of either of the three offenses charged. Nor is there in the record of the proceedings in the trial court any indication that prejudice crept into the judge's mind from the story of the girl.

Conflict in evidence created by contradiction or otherwise does not constitute inherent improbability nor of itself alone constitute ground for reversal by this court. (*People* v. *Amadio*, 25 Cal. App. 729 [145 Pac. 151]; *People* v. *Maine*, 93 Cal. App. 141 [269 Pac. 194]; *People* v. *Vosger*, 123 Cal. App. 503 [1 Pac. (2d) 649]; *People* v. *Becker*, 140 Cal. App. 162 [35 Pac. (2d) 196].) Nor is there any rule which requires the testimony of the complaining witness in a case under section 288 of the Penal Code to be corroborated. (*People* v. *Hulbart*, 55 Cal. App. 112 [202 Pac. 939]; *People* v. *Geonzelis*, 106 Cal. App. 434 [289 Pac. 667]; *People* v. *Kaiser*, 119 Cal. 456 [51 Pac. 702].) In ruling on a motion for a new trial on grounds involving the sufficiency of the evidence, the trial judge is clothed with broad discretionary power. In the instant case he saw and heard the witnesses give testimony. We must assume that he acted with a full appreciation of his duties and obligations in denying the motion for new trial, and there is surely no basis in the case before us for the substitution of the discretion of this court for that of the trial court. (*People* v. *McAllister*, 99 Cal. App. 37 [277 Pac. 1082].)

Appellant presents a number of asserted errors of law arising from rulings by the court on admissibility of evidence, but we find no reversible error in such rulings. Even if error could be predicated on any thereof, it is manifest to us that no prejudice resulted; nor could they reasonably be expected to affect any substantial right of appellant and therefore must be disregarded. (Const., art. VI, sec. 4½; sec. 1258, Pen. Code.)

The order denying motion for new trial is affirmed.

Stephens, P. J., and Crail, J., concurred.