[Crim. No. 3935.  In Bank.—March 31, 1936.]

THE PEOPLE, Respondent, v. FLOYD C. BRITTON et al., Defendants; ROULAND W. MIKESELL, Appellant.

Joseph L. Fainer, Mrs. Gladys Towles Root and R. E. Parsons for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Appellant was convicted upon three counts of an indictment charging kidnaping for the purpose of robbery and upon two counts charging robbery. In accordance with the verdicts of the jury returned on the kidnaping charges he was sentenced to life imprisonment "with possibility of parole." This cause does not, therefore, present the issue involved in the companion cases (Crim. Nos. 3932, 3933, 3934) (*ante,* pp. 1, 7, 8 [56 Pac. (2d) 493, 494, 497]), this day decided. Upon his appeal to the District Court of Appeal of the Second Appellate District, Division One, he urged, among other things, that the trial court was without jurisdiction to try him because the grand jury which returned the indictment against him "was drawn and empaneled contrary to law." Following an affirmance by the District Court of Appeal of the several judgments, appellant petitioned this court for a hearing which we granted because at the time there was pending before us the case of *Fitts* v. *Superior Court,* S. F. 15377, wherein substantially the same assaults as are here urged were directed against the same grand jury. We have since handed down our decision in the Fitts case, *supra* (4 Cal. (2d) 514 [51 Pac. (2d) 66]), which decision fully answers appellant's contention addressed to the asserted improper empanelment of the grand jury.

12

Our examination of the record and authorities satisfies us as to the correctness of the following portions of the opinion prepared by Mr. Justice Houser in the District Court of Appeal which we hereby adopt as part of the decision of this court:

"From each of several judgments which were rendered against him pursuant to respective verdicts that were returned by a jury, as well as from an order by which his motion for a new trial was denied, defendant Mikesell has appealed to this court.

"The charges that were preferred against defendant arose from an alleged kidnaping of certain persons 'for the purpose of robbery'.

■ "Appellant complains that the evidence was insufficient to support the several verdicts or either of the judgments. Although it is clear that defendant was not personally present when the victims of the kidnaping were first unlawfully seized by his codefendants, with an 'intent to hold or detain' such victims,—from an examination of the evidence adduced on the trial of the action this court is convinced that it was sufficient to justify the conclusion on the part of the jury that not only before such kidnaping originally occurred did the defendant aid and abet, or advise and encourage his codefendants in the nefarious enterprise, but as well that before the crime was completed defendant actively and with criminal intent participated with his codefendants in carrying the commission of the crime to its conclusion; from which it follows that in that regard the point presented by defendant is unavailing to him.

■ "It is next contended that error prejudicial to the substantial rights of defendant was committed by the trial court in its refusal to grant defendant's request to give to the jury the following instruction:

" 'The rule of law is that confessions are to be received with great caution. They may or may not constitute evidence of a satisfactory nature; their value depends not only upon whether they are deliberate and voluntary but upon every fact and circumstance surrounding the party at the time, inclusive of all the other testimony offered and introduced upon the trial.'

"It should be noted that, in violation of section 3, of rule VIII, of this court, appellant has not printed in his brief

the several other instructions (if any) that were given by the court to the jury 'bearing upon the subjects covered by the refused instruction'; and hence that appellant is not entitled to have his specification in regard to the alleged erroneous instruction considered by this court; but notwithstanding that situation, it is clear that the proposed instruction was properly refused by the trial court. ■ Even assuming that the opening sentence of such instruction is in harmony with the purpose of the provisions of subdivision 4, of section 2061, of the Code of Civil Procedure, and disregarding the question of the constitutionality of the statute (*People* v. *Jones,* 87 Cal. App. 482, 491 [262 Pac. 361], and authorities there cited; *Hirshfeld* v. *Dana,* 193 Cal. 142, 155 to 165 [223 Pac. 451]), it is apparent that the proposed instruction exceeds the statutory authorization in that it declares that '*confessions* (whether oral or written) are to be received with great *caution*'; whereas the language of the statute in that regard is that '*oral admissions* of a party' should be viewed 'with caution';—thus inserting the word 'oral' before the word 'admissions', and omitting the word 'great' (as used in the proposed instruction), preceding the word 'caution'. As a matter of both fact and of law, it also may be said that defendant made neither an oral nor a written 'confession', as such, of his guilt; but according to the evidence did make several general oral admissions, from which his guilt might have been inferred. (For the distinction between a confession and an admission, see *People* v. *Ferdinand,* 194 Cal. 555, 568 [229 Pac. 341].) In addition thereto, on reading the entire proposed instruction it is clear that it is objectionable in that it purports to direct the attention of the jury to the course which should be pursued by it in determining the genuineness of a 'confession'. ■ More than that, on appeal from a judgment it is a cardinal rule that the duty devolves upon the appellant not only to specify the error of which he complains, but also to establish to a reasonable certainty that without such error having been committed, the result of the trial of the action would have been substantially different from that which was actually reached by the trial court. And in the latter connection, assuming that the trial court had given to the jury the instruction in question, and that as a consequence, in reaching its verdict, the jury had disregarded, or left out of its consideration of the evidence,

the whole of the purported 'confession' of defendant, still the jury would have had a right to rely not only upon the testimony that was given by the accomplice of defendant, with the independent corroborative testimony that was given by other witnesses with reference thereto, but also upon the many incriminative facts which appeared in the admissions made by defendant as a witness in his own behalf. To this court, from a consideration of all such evidence, it is so improbable as to be nearly inconceivable, that any verdict other than one expressing guilt of defendant would have been returned by the jury. It is therefore concluded that in no event is the alleged error available as a sufficient reason for a reversal of the judgments or the order.''

The judgments and the order denying a new trial are, and each is, affirmed.

Seawell, J., Langdon, J., Curtis, J., Thompson, J., and Shenk, J., concurred.