[Crim. No. 3126.   Second Appellate District, Division One.—August 22, 1938.]

THE PEOPLE, Respondent, v. LOUIS TUCKER, Appellant.

Allan L. Leonard for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant, who was charged in an information with the crimes of burglary and robbery, was found guilty of both offenses by a jury. The appeal herein is from the judgment and from the order denying defendant's motion for a new trial.

It appears from the evidence that a cafe in Los Angeles known as the "Hill Street Five and Ten" was entered in the early morning by an intruder who mounted the fire escape, forced a window screen and climbed through a kitchen window. The night porter, one Campbell, colored, was assaulted by the intruder, who beat Campbell on the head and shoulders with a club. A small safe was forced open and $1188 in money and checks were stolen. Campbell at first concealed the fact that he knew and recognized his assailant, defendant herein. He later admitted that he recognized defendant Tucker, also colored, whom he had known since boyhood. In that regard his explanation was as follows: " . . . I was scared that the police would not catch him right then and that he might try to do something to me, if I told the truth and they didn't catch him." Tucker had been in the employ of the "Hill Street Five and Ten" until about a week before the robbery.

At the trial the auditor for the cafe, one Harry Brock, testified in substance that he had had a conversation with the defendant at the preliminary examination, in which conversation the defendant "remarked that he was sorry that he did it", but that he (defendant) thought the firm could get some money out of the deal inasmuch as it was insured. Defendant denied the conversation.

The sufficiency of the evidence to support the verdict is not disputed. ■■■ The sole question raised on appeal results from the failure of the court to give two requested instructions, the first of which, in substance, was to the effect that evidence of oral admissions of a party "ought to be viewed" with caution, pursuant to subdivision 4 of section 2061, Code of Civil Procedure, and the second was the instruction authorized by the provisions of subdivisions 1

and 2 of the same section. Subdivision 4 of said section has been held to be unconstitutional. (*Hirshfeld* v. *Dana,* 193 Cal. 142 [223 Pac. 451].) It does not necessarily follow that prejudicial error resulted from the failure to give the instruction called for by subdivisions 1 and 2 of the above-mentioned section. Assuming that such instruction properly could have been given, nevertheless the instructions in all other respects were complete and fair, and effectively remove the likelihood of an unwarranted verdict resulting from the failure to give the requested instruction. Unless it appears that the verdict might have been different in the absence of such error, the judgment must be affirmed. (See *People* v. *Britton,* 6 Cal. (2d) 10 [56 Pac. (2d) 491].)

For the foregoing reasons the judgment and order denying a new trial are, and each is, affirmed.

York, P. J., and White, J., concurred.