[Crim. No. 4299. In Bank.—August 30, 1940.]

THE PEOPLE, Respondent, v. ALVIN JULIUS LUCAS, Appellant.

Robert E. Fowler and A. G. Bailey for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THE COURT.—A hearing was granted in this cause after decision in the District Court of Appeal of the Third Appellate District in order that we might clarify what appears to be an uncertain state of the law with respect to the giving of cautionary instructions in cases of this character. Examination of the record and pertinent authorities satisfies us as to correctness of the conclusion announced in the opinion prepared by Mr. Presiding Justice Pullen and, with such additional comments as shall hereinafter appear, we adopt the

following portions thereof as and for the decision of this court:

"The defendant was charged with contributing to the delinquency of a minor, a misdemeanor, and after a jury trial, was found guilty, and from the judgment thereon, and from an order denying a motion for a new trial, this appeal is taken.

"As grounds for appeal it is contended that the testimony of the complaining witness was not sufficiently corroborated; that the court erred in refusing to give a proffered instruction dealing with the question of alibi, and in refusing to give a cautionary instruction, which appellant claims should have been given on account of the nature of the charge against him.

"At the time of the alleged offense the complaining witness was a boy over fourteen, and at the time of the trial was past fifteen, and in the first year of high school. The record discloses no evidence of coaching of the witness nor any passion or prejudice on the part of the jurors, nor is the story of the boy so inherently improbable or incredible as to appear to be the result of imagination or fabrication.

"The defendant admitted that he was frequently in Modesto where the crime is alleged to have taken place, and that he often stayed at the home of a Mrs. Robinson, and asserted that his wife usually spent the night with him at the Robinson home. Other witnesses, however, testified that Mrs. Lucas usually stayed with other friends while defendant spent the night alone at the Robinson home. It is rather significant, and a fact of which the jury could take notice, that the defendant, who was an ordained minister and holding services in Modesto, could not substantiate any of his testimony as to dates from any of his church records or calendar.

"The boy fixes one of the material dates in this case by the fact that on a particular Sunday evening he and appellant together saw the picture 'Marie Antoinette'. Appellant, while denying that he saw the particular picture with the boy, admitted having seen that picture and admitted that they had together gone to this show house and had seen at least one picture, and that he had, on other occasions, given the complaining witness passes to the theater. It is also not denied that defendant had and used such an automobile as referred to by the complaining witness. ▆▆ It is to be

remembered, however, that the testimony of the complaining witness is not required by the statute to be corroborated. (*People* v. *Raich,* 26 Cal. App. 286 [146 Pac. 907].)

■ "Appellant claims that on the particular day in question he was visiting at San Quentin prison, and therefore could not have been in Modesto. However, there is nothing in the record to show that the appellant could not have been in San Quentin and still have reached Modesto by 8 o'clock in the evening of the day in question. It is upon that testimony that appellant has based his defense of an alibi. Under these circumstances we cannot say that the refusal of the proffered instruction as to an alibi was error. No witness, other than the defendant, testified as to his whereabouts at the time of the alleged crime. It very probably was true that defendant was at San Quentin on the day in question, but still he could have been in Modesto at the time charged by the prosecution. ■ There are certain contradictions in the testimony of the complaining witness and some witnesses testified to facts somewhat at variance to the testimony of others, but the credibility of the witnesses is exclusively the province of the jury.

"The jury were instructed that it devolved upon the prosecution to prove all the material allegations of the offense beyond a reasonable doubt and to a moral certainty before they could find the defendant guilty. Among the allegations as recited in the instructions, and which the jury were charged to find to be true before the guilt of the defendant could be fixed, was that the defendant was, on or about the 25th day of September, 1938, in the county of Stanislaus, and did then and there commit the particular acts complained of. We find no error in the refusal to give the instruction as to an alibi. . . .

■ "Nor do we find any misconduct on the part of the district attorney, either in his examination of the witnesses nor his address to the jury. As to the latter, the court instructed the jury that arguments of counsel were not to be considered as proving any fact in issue."

■ We are firmly of the view that in all cases of this character a defendant should be afforded the benefit of a cautionary instruction as was here requested to the general effect that such a charge is easily made and difficult to disprove for which reason the testimony of the prosecuting witness should

be examined with caution. The appellate courts of this state frequently have held that such an instruction should be given. (*People* v. *Adams,* 14 Cal. (2d) 154, 162 [93 Pac. (2d) 146] ; *People* v. *Benson,* 6 Cal. 221 [65 Am. Dec. 506] ; *People* v. *Garrett,* 27 Cal. App. (2d) 249 [81 Pac. (2d) 241] ; *People* v. *Vaughan,* 131 Cal. App. 265 [21 Pac. (2d) 438] ; *People* v. *Hewitt,* 78 Cal. App. 426 [248 Pac. 1021] ; *People* v. *Scott,* 24 Cal. App. 440 [141 Pac. 945].) As pointed out in the Adams case, *supra,* " 'There. is no class of prosecutions attended with so much danger, or which afford so ample an opportunity for the free play of malice and private vengeance. In such cases the accused is almost defenseless, and courts, in view of the facility with which charges of this character may be invented and maintained, have been strict in laying down the rule which should govern the jury in their finding.' " However, because of some unfortunate language in the case of *People* v. *Anthony,* 185 Cal. 152, 159 [196 Pac. 47], trial judges in some instances have felt justified, as here, in refusing such an instruction. The Anthony case is contrary to the uniform line of decision in this state to the effect that such an instruction is not improper. Moreover, the objection there voiced to such an instruction, that it contains "statements of fact, not of law", would appear to have spent much of its force in view of the recent amendment to section 19 of article VI of the Constitution authorizing a trial court to comment on the facts.

We therefore expressly disapprove of the language in the Anthony case tending to suggest the propriety of refusing cautionary instructions in cases of this character. However, we do not believe that a reversal is necessary in this case. It is not every error that requires a reversal on appeal. (*People* v. *Nolan,* 126 Cal. App. 623, 634 [14 Pac. (2d) 880].) The authorities are legion to the effect that before a judgment may be reversed because of error it must appear from the record that it was prejudicial and caused substantial injury and that a different result would have been probable if the error had not occurred. (*Murnane* v. *Le Mesnager,* 207 Cal. 485, 495 [279 Pac. 800] ; *People* v. *Britton,* 6 Cal. (2d) 10, 13 [56 Pac. (2d) 491].) In other words, a judgment will not be reversed for errors that do not affect the substantial rights of the parties. (*Bollinger* v. *Bollinger,* 154 Cal. 695, 699 [99 Pac. 196] ; *People* v. *Swift,* 140 Cal. App. 7, 10 [34

Pac. (2d) 1041].) This principle has application to the refusal to give requested and otherwise proper instructions. (*People* v. *Britton, supra*; *People* v. *Fellows,* 63 Cal. App. 557, 561 [219 Pac. 80]; *People* v. *Lawlor,* 21 Cal. App. 63, 68–71 [131 Pac. 63]; *People* v. *Thompson,* 68 Cal. App. 487, 493 [229 Pac. 896]; *People* v. *Tucker,* 28 Cal. App. (2d) 206, 208 [82 Pac. (2d) 73].)

Among other things, the jury was here instructed that the defendant was presumed to be innocent. The meaning of reasonable doubt was defined for it. In addition, the jury was told that it was not to act upon mere probabilities and was admonished to disregard fanciful theories and unreasonable inferences. Appellant was ably represented. The evidence amply supports the verdict and points to the appellant's guilt. Under the circumstances of this case, the refusal to give the requested cautionary instruction did not constitute reversible error.

The judgment and order are, and each is, affirmed.

HOUSER, J., Dissenting.—I dissent.

By respective rulings in a host of adjudicated cases in this state, in proper circumstances a defendant is entitled as a matter of law and common justice to have a separate instruction given to the jury respecting his ''defense'' of alibi. And the same situation prevails with respect to the cautionary instruction regarding the testimony of the prosecuting witness in cases of the instant character. To rule herein that the refusal by the trial court to give such instructions, for the asserted reason that such refusal did no prejudicial harm to the defendant, simply means that this court is usurping the functions of the jury,—and amounts to a declaration that, although erroneous, trial courts may, with impunity, disregard the substantial rights of a defendant and refuse him a fair trial, especially in so-called ''sex-perversion'' cases.