[Crim. No. 5914. Second Dist., Div. One. Aug. 2, 1957.]

THE PEOPLE, Respondent, v. WILBURN ASHLEY STRAHAN et al., Appellants.

Matthews & Hill and John J. Hamilton for Appellants.

Edmund G. Brown, Attorney General, and Herschel T. Elkins, Deputy Attorney General, for Respondent.

DORAN, J.—In an information filed by the district attorney of Los Angeles County, the appellants, Wilburn Ashley Strahan and Hipolito (or Nipolito) Besada, were accused of the violation of section 288a of the Penal Code, oral copulation. Each pleaded not guilty. Trial was had and each appellant was found by a jury to be guilty as charged. Motion for a new trial was denied as to each appellant. Each was sentenced to one year in the county jail, sentence suspended, and conditional probation for two years was granted as to each defendant. Strahan and Besada join in an appeal from the judgment and the denial of a new trial.

The statement of facts as recited in respondent's brief, are as follows:

"At 2 p. m., on July 19, Charles Glazer, a Los Angeles police officer, who was working on an off-day as a detective for May Co. and Frank Armstrong, a secret agent for May Co., went to a second floor men's rest room at May Company's Broadway store in Los Angeles. This rest room was open to the general public and Officer Glazer had been alerted to watch for sex perversion there.

"Officer Glazer and Mr. Armstrong went inside a utility room at the south end of the rest room. Through a partition, they could watch the interior of the lavatory.

"At 2:15 p. m., they saw appellant Besada leave a commode, walk to a washbowl, wash his hands, look at himself in the mirror, walk away and turn so that 'his view was looking the length of the rest room.' A few moments later, appellant Strahan left a commode adjacent to the one just vacated by Besada, walked to the wash basins, washed his hands and looked in the direction of Besada. Besada then entered a commode directly adjacent to the door through which Officer Glazer and Mr. Armstrong were looking. This was the first in a line of commodes and was not the one he had just left. Strahan then walked in the direction of the officers, stopped, and looked into the commode into which Besada had gone.

He thereupon entered this commode. It was not the commode he had just left. The door was closed. Officer Glazer lay on the floor of the utility room and, looking through a crack between the door and the floor, saw two pair of feet in the commode.

"After a period of two minutes, Officer Glazer and Mr. Armstrong opened the door of the utility room and entered the main portion of the rest room.

"Officer Glazer went to the second commode, directly next to the commode he had seen Besada and Strahan enter; he stepped on the water closet and looked over the top. When Mr. Armstrong saw this, he pushed open the door to the commode."

Appellant contends, "1. That the court erred in failing to give, sua sponte, a cautionary instruction. 2. That the court erred in giving an instruction as to confessions when, in fact, there was no evidence of a confession."

It is not argued that the evidence is insufficient. The alleged errors relate only to the instructions as above noted.

As stated in *People* v. *Owsley,* 76 Cal.App.2d 166 [172 P.2d 561], the failure of the court to give cautionary instruction, "is not error if, as in the Lucas case (16 Cal.2d 178, contributing to the delinquency of a minor) the evidence clearly points to the defendant's guilt, or, as in *People* v. *Fleming,* 58 Cal.App.2d 37, 47-48 [136 P.2d 88] (a rape case), the testimony of the prosecuting witness is amply corroborated, or there are other factors in the case which show that the defendant has been given a fair trial." (See also *People* v. *Mummert,* 57 Cal.App.2d 849, 857 [135 P.2d 665] (rape).)

In *People* v. *Fleming,* 58 Cal.App.2d 37, 47 [136 P.2d 88], the court said that a cautionary instruction is predicated on a rule of law which permits a conviction on the uncorroborated testimony of the prosecuting witness. It follows then, said the court, that when the testimony is corroborated, the rule does not apply.

As pointed out by respondent, "In the present case, there were two witnesses to the act for which the appellants were convicted. Officer Glazer was an eye-witness to the act. Mr. Armstrong, a May Company employee, was an eye-witness to the same act. Thus the testimony of either one was corroborated. Neither Officer Glazer nor Mr. Armstrong was a participant in the act. There is no indication in the record that Officer Glazer or Mr. Armstrong testified out of spite or vengeance. There is no indication that either man had ever

met the appellants. Both men were employed by the May Company as detectives. Among their duties was that of checking for sex perversion in the rest rooms. In performance of these duties, they saw the appellants committing the act of oral intercourse. . . .

"As to the testimony of the witnesses as to the statements made by appellant Strahan, the court did instruct the jury that they should view with caution the testimony of any witness which purported to relate an oral admission or confession of a defendant.

"Being that it is not probable that the jury would have rejected the testimony of Officer Glazer and Mr. Armstrong, and being that the evidence was not uncorroborated, and being that there was an instruction that the appellants were to be presumed innocent (see *People* v. *Owsley, supra* [76 Cal.App. 2d 166, 169-170 (172 P.2d 561)]; *People* v. *Lucas,* 16 Cal.2d 178, 182-183 [105 P.2d 102, 130 A.L.R. 1485]; *People* v. *Fleming, supra* [58 Cal.App.2d 37, 48 (136 P.2d 88)]; *People* v. *Meyers,* 62 Cal.App.2d 24, 29 [144 P.2d 60]), we submit that the failure of the court to give, sua sponte, a cautionary instruction was not prejudicial error."

The giving of the instruction as to the nonacceptance by the jury of an involuntary confession does not appear to have been prejudicial either as a matter of fact or of law.

The judgment and the order denying defendants' motion for a new trial are and each is affirmed.

White, P. J., and Fourt, J., concurred.